(131 So. 236)

## TAYLOR v. STATE.

### 1 Div. 581.

Supreme Court of Alabama.

Dec. 4, 1930.

J. Gordon Bennett and Harry Seale, both of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

FOSTER, J.

A bill of exceptions is of statutory origin, and should conform in all respects to the statute which gives it a place in our system. Its whole office as thus created is to present for review the "point, charge, opinion or decision, where the court is supposed to err, with such a statement of facts as is necessary to make it intelligible." Section 6432, Code; Petty v. Dill, 53 Ala. 641; Ex parte Mayfield, 63 Ala. 203; Tyree v. Parham's Ex'r, 66 Ala. 424, 432. Under certain circumstances it should contain a statement of the testimony in extenso. Section 6438, Code, Circuit Court Rule 32.

A motion for a new trial must be heard and determined on the evidence. submitted on that motion and on the .evidence heard on the main trial, though not reintroduced. Allison v. Cox, 220 Ala. 624, 127 So. 192. We think that the court's conclusion as to the existence of a certain "atmosphere and attitude" of a person as conveying notice of his identity is not the statement of facts in

evidence proper for insertion in a bill of exceptions, or otherwise in the record. The details of a situation showing the atmosphere of a trial are sometimes helpful, but, to justify it, such details must be shown by the evidence to support the conclusion, and are proper matters of fact which should be stated in the bill of exceptions. And counsel who are adverse to the ruling should have an opportunity to combat the facts which may lead to the conclusion reached.

We do not think that the facts show that defendant or his counsel are chargeable with notice sufficient to make an inquiry as to the identity of the juror. Express notice of the facts was during the trial communicated to the clerk, the solicitor, and trial judge, but not to defendant. We think that, if defendant's counsel are to be bound, they should also have been informed of the facts during the trial as well as the judge and solicitor. We are therefore of the opinion that counsel for defendant should not be held to have had notice of the substitution of a juror for one who was drawn for the trial by anything shown in this record.

It seems to us to be clearly established that the juror whose name was drawn was not put on the jury, but another person was summoned, though inadvertently, and substituted for the one drawn. The real effect is as though they had different names. That their names were the same had the tendency to prevent defendant from taking notice that the person summoned and who appeared was different from the one drawn.

If a man with a different name had been substituted and called by the substituted name, defendant could have explained with difficulty a failure to note such change. In the case of Irwin v. State, 220 Ala. 160, 124 So. 410, the defendant was found to have discovered the substitution,, but pursued the wrong course. It did not have the effect to quash the venire, but the court held that defendant could have had the name of the one who should have been on the list placed there.

In this case he could not have pursued any course as to the substitution until he discovered the facts. As soon as he did discover the facts, he was bound then, and not later, to take proper action.

This was not a matter which pertained to the qualifications of a juror, such as was the case in Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300. We think that it is not ordinarily a want of due care for counsel to fail to examine a juror, as authorized by section 8662, Code, touching his identity as being the juror who had been drawn. They could properly assume without notice to the contrary that there had been no substitution of another for the one so drawn.

It is said in City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728, that, where the disqualification was unknown to the injured party (and we may add the condition that he was not negligent in that respect), it is properly made the basis of motion for a new trial.

We quote from a case decided by the Supreme Court of Ohio considering a question which is of such similarity as to be directly in point, and expresses our views in this case as follows:

"The rule is clearly settled by the cases cited below, that the disqualification of a juror sitting at the trial of a cause, either civil or criminal, which the exercise of due diligence would have disclosed, is not a sufficient ground for setting aside the verdict and granting a new trial. Hayward v. Calhoun, 2 Ohio St. 164; Eastman v. Wight, 4 Ohio St. 156; Parker v. The State, 4 Ohio St. 234; Kenrick v. Reppard, 23 Ohio St. 333; Watts v. Ruth, 30 Ohio St. 32. The party moving for a new trial on such ground must show that he exercised such care and diligence before the juror was sworn, or he will be held to have waived all objections to his competency, which the employment of reasonable diligence would have shown to be well founded.

"But where such diligence is shown to have been used, or, if used, would not have resulted in disclosing the disqualification, no waiver can be implied. A majority of the court are unwilling to hold, especially in a case involving life, that the accused, by neglecting to inquire of the juror whether he was the person by that name summoned, was so far guilty of negligence as to estop or prevent him from taking advantage of the juror's disqualification after the trial.

"The statute (74 Ohio L. 345, § 7) requires a copy of the panel of the jury returned by the sheriff to be delivered to the accused at least three days before the day of trial. This requirement was complied with in the present case. The plaintiff was, therefore, apprised that one Eli Stephenson was one of the regular jurors summoned for his trial; and when such juror was called, a person by that name appearing and answering thereto, we think he might well assume such person to be the regular juror. If the person so appearing had borne another name, and had personated the absent juror, this clearly, under the authorities, would have been ground for a new trial, if the fact of such personation was unknown to the accused in time to correct the error before he was prejudiced thereby. The People v. Ransom, 7 Wend. 417; Norman v. Beaumont, Willes, 484; Dovey v. Hobson, 6 Taunt. 400; The Queen v. Sulivan, 8 Adol. & Ellis, 831; King v. Tremearne, 5 B. & C. 254; 1 A. L. Reg. 424. See Hill v. Yates, 12 East. 229.

"Yet no one can doubt that the identity of the two names was calculated to disarm vigilance, and render the deception more successful and complete. Therefore, to impute a want of diligence, under the circumstances, to the accused or his counsel, in not ascertaining before the trial that the sitting juror was not the one summoned, or to hold him to have waived all objection to the juror's competency, would be to exact a higher degree of care and caution than the law requires." McGill v. State, 34 Ohio St. 228. This is also the statement of the text in 35 Corpus Juris, 280.

This conclusion is not inconsistent with what this court has heretofore held on the subject. Goodwin v. State, 102 Ala. 87, 15 So. 571; Culver v. State, 207 Ala. 657, 93 So. 521; Martin v. State, 144 Ala. 8, 40 So. 275; Irwin v. State, supra.

It is in accord also with the opinion of the Court of Appeals of Alabama, as expressed in Dorsey v. State, 19 Ala. App. 641, 99 So. 830.

Our judgment is that there was reversible error in refusing to grant appellant's motion for a new trial on the ground we have discussed.

We do not think it necessary to treat the other assignments of error, as the same questions need not occur on another trial.

Reversed and remanded.

All the Justices concur.