166 So. 682

## ALABAMA COCA-COLA BOTTLING CO.
### v. POPE.
#### 7 Div. 373.

Supreme Court of Alabama.
March 19, 1936.

Knox, Acker, Sterne & Liles, of Anniston, and W. T. Starnes, of Pell City, for appellant.

Frank B. Embry, of Pell City, and Victor H. Smith, of Birmingham, for appellee.

33

**BROWN, Justice.**

The appellant insists upon but two of the assignments of error. The first contention is that the court should have granted it a new trial because one of the jurors had personal knowledge of some of the material facts in the case, and that another, before the jury was impaneled for the trial, "stated in substance that he hoped he was not selected to serve on the jury to try the case because he had either heard too much about, or that he knew too much about it." And it is argued that it was the duty of said jurors to disclose to the court such facts when they were examined on the voir dire.

There is no contention that the prevailing party had any knowledge that said jurors knew anything about the facts of the case. The jurors were not questioned by either of the parties, as they were authorized to do by section 8662 of the Code 1923; nor does it appear that the court was requested to question the jurors on the subject of their personal knowledge or information. In these circumstances the court will not be put in 'error for overruling the motion for a new trial. Batson v. State ex rel. Davis, Solicitor, 216 Ala. 275, 113 So. 300; Peterson v. State, 227 Ala. 361, 150 So. 156; Taylor v. State, 222 Ala. 140, 131 So. 236.

The evidence offered goes to show that the Coca-Cola bottle, from which the plaintiff allegedly drank, was in the same condition at the time it was offered in evidence, except that part of the liquid content had evaporated; that nothing had been put in the bottle and nothing taken therefrom, except such of the liquid as had evaporated. The defendant's objection to the bottle and its contents as evidence was not well taken, and was overruled without error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.