18 So.2d 289

### LEACH v. STATE.
#### 6 Div. 249.

Supreme Court of Alabama.

May 18, 1944.

---

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the petition.

Arthur Fite, of Jasper, opposed.

FOSTER, Justice.

Section 52, Title 30, Code of 1940, provides that either party shall have a right to examine jurors as to their qualifications, interest or bias, as to any matter that might tend to affect their verdict.

It has been noted that by the statute the party (including of course his counsel) has this privilege but he cannot require the court to do so for him. Ballard v. State, 236 Ala. 541, 184 So. 260; Gholston v. State, 221 Ala. 556, 130 So. 69.

And if he is negligent in not thus making inquiry he waives much that might have been available to him, extending even to certain causes for disqualification. Batson v. State, 216 Ala. 275 (17), 113 So. 300.

The question of diligence was considered also in the case of Taylor v. State, 222 Ala. 140, 131 So. 236.

It is the imperative duty of the court on its own initiative to ascertain whether the jurors possess the qualifications required by law. Section 6, Title 30, Code of 1940; James v. State, 53 Ala. 380; Batson v. State, supra. The trial court may in its discretion grant a new trial without reversible error for the disqualification of a juror, if the party did not know it, (even though he may not have been as diligent as the law requires). Mills Lumber Co. v. Hull, 222 Ala. 229, 131 So. 902.

The juror here in question was not disqualified. He had been at some time in the past a deputy sheriff of the county. Defendant was on trial for an assault with intent to murder a deputy sheriff. At the request of the defendant, the jurors had been examined by the court as to whether any of them had been a deputy sheriff. Two answered in the affirmative. One, who had been, did not so answer, whether deliberately or unintentionally was not considered as important. The fact was unknown to defendant or his counsel until after the trial. The question is one of diligence. Defendant did not personally ask the question as authorized by section 52, Title 30, supra. But the court yielded to defendant's request and did so. Defendant need not assume that had he propounded the question a different result would have been obtained. We agree with the Court of Appeals that although the juror was not disqualified, defendant had a right to have the question answered truly to enable him to exercise his discretion wisely in using his power to strike him without cause.

In the case of Dyer v. State, 241 Ala. 679, 4 So.2d 311(2), the defendant was not on trial for an offense against a law en-

forcement officer. It was held that he was properly denied the right to ask jurors whether they were kin to members of the police force or sheriff or deputy sheriff, although the inquiry need not be confined to *disqualification* of jurors, but may be as to any appropriate matter touching their interest or bias, and as supervised in the sound discretion of the court. We think the inquiry here was pertinent. It was propounded by the court at the instance of defendant, and he was entitled to a true answer.

 The Court of Appeals also held that there was error in a part of the trial court's general charge to the jury to which defendant excepted. The defendant was on trial for an assault with intent to murder, including of course a charge of assault and battery. The court in his oral charge instructed the jury as to the effect of voluntary intoxication on the issue of guilt of either the felony or misdemeanor. After doing so he stated further:

"Gentlemen, I give you this instruction with caution, and I want to accompany this instruction with a caution to you to apply that law to this cause with caution, because the courts cannot countenance the commission of crime, the taking of life or assault with intent to murder, by mere intoxication, unless that intoxication carries a man to the extent that he is helpless in mind, rendered incapable of distinguishing between right and wrong, incapable of forming the intent to take life, which is an essential element of assault with intent to murder, incapable of entertaining malice, which is an essential element of assault with intent to murder."

It was this charge which was held by the Court of Appeals to be error. It was not done by way of qualifying any written charge which had been given. The question is whether there was reversible error in that part of his oral charge cautioning them to be careful in applying the principle of drunkenness as a defense.

We cannot agree that the court's charge in this respect was reversible error. It has been approved by numerous authorities. 22 Corpus Juris Secundum, Criminal Law, § 68, page 133; People v. Ferris, 55 Cal. 588; State v. Miller, 177 Wash. 442, 32 P. 2d 535; People v. Leonardi, 143 N.Y. 360, 38 N.E. 372; State v. Murphy, 157 N.C. 614, 72 S.E. 1075. We do not consider the charge of the court as equal to a statement that the law looks with "suspicion on the defense," held to be improper respecting the defense of an alibi. There is of course no such principle. Spencer v. State, 50 Ala. 124. In the instant case the court did not in any sense reflect upon the defense or cast suspicion upon it. But it was not improper to caution the jury or admonish them or state to them that they should observe carefully the exact nature of the defense and not apply it improperly. We agree that there is danger of the jury giving undue weight to the fact of voluntary drunkenness, and that a caution not to do so casts no suspicion on the defense, and that it was not improper for the trial judge to do so.

We deny the writ because of the ruling in respect to the new trial based on the status of the juror who was a deputy sheriff.

Writ denied.

GARDNER, C. J., and THOMAS, BROWN, LIVINGSTON, and STAKELY, JJ., concur.