57 So.2d 103

## BIRMINGHAM ELECTRIC CO. v. YOAST.

### 6 Div. 185.

Supreme Court of Alabama.
June 28, 1951.

Rehearing Denied Jan. 10, 1952.
Further Rehearing Denied March 6, 1952.

674

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Hare and Parsons and R. D. Coffman, Birmingham, for appellee.

FOSTER, Justice.

The question presented by appellant on this appeal is whether the court committed reversible error in granting a motion for a new trial made by appellee, who was plaintiff in the trial court, upon the ground that, after the trial of the case, plaintiff's counsel ascertained that a juror, one Lee Cole, was biased and prejudiced in favor of the defendant, and as to which plaintiff and his counsel were not negligent. There was verdict and judgment for the plaintiff in the sum of $1,350.

The suit was for personal injuries, as a result of a collision of defendant's street car with an automobile in which plaintiff was riding. The plaintiff was dissatisfied with the amount of the verdict and made a motion for a new trial consisting of twelve grounds. The first two grounds of the motion related to the inadequacy of the amount of the verdict. The third, fourth and fifth were that the verdict was procured through partiality of the jury in favor of the defendant. The sixth and seventh, that one of the jurors was not qualified to serve on the jury without further specifications as to his qualifications. The eighth, ninth, tenth and eleventh grounds were to the effect that the juror, Lee Cole who sat on the jury which tried the case, was disqualified and incompetent because of his prejudice against the plaintiff and his partiality in favor of the defendant, having a fixed opinion in favor of the defendant, and for that reason the plaintiff was denied a fair trial, and that this was unknown to the plaintiff until after the verdict was rendered. A more detailed statement of that ground will be given. The twelfth ground of the motion was the error in giving a certain written charge in favor of the defendant. This charge need not be considered because upon the hypothesis expressed in it the jury was directed not to find a verdict against the defendant. Since the verdict was for the plaintiff, that charge has no bearing upon the question here involved.

The trial court later amended his order granting the motion, describing it as an amendment nunc pro tunc, by adding there-

to the fact that in granting the motion for a new trial he did not consider or rule on grounds one and two of said motion, and the verdict and judgment were set aside on grounds of said motion other than one and two.

Appellant claims that ground eleven of the motion is the only one which deserves consideration on this appeal, and it is the only one discussed by counsel for appellant. In support of ground eleven an affidavit was made and introduced by an attorney for the plaintiff, which is in substance to the effect that when the juror Cole was being examined by the judge, testing his qualifications to serve on the jury and before the jury was selected and after the court had qualified the panel, counsel for plaintiff, as authorized by section 52, Title 30, Code of 1940, propounded certain questions to the members of the panel, one of the questions being whether any of them had any close relatives employed by the defendant. Juror Cole stated that his father was so employed in the meter reading department. Counsel then asked the juror the following question: "Would it embarrass you to sit on a case where the Birmingham Electric Company is involved and to render a verdict against the Birmingham Electric Company if the evidence justified it? In response to that question the juror, Lee Cole, replied 'No,' whereupon the following additional question was asked said juror, Lee Cole, 'You think you could try the case strictly in accordance with the evidence?' Whereupon juror, Lee Cole, replied, 'Yes.' " The party then proceeded to strike the jury from the panel and Cole remained and was not stricken, but served on the jury which tried the case. On the next day, after verdict and judgment were rendered in that suit, the same juror Cole was among a panel of twenty-four jurors brought into the courtroom of the same judge to try another case against the Birmingham Electric Company, the defendant in the instant case. The two cases had no connection with each other, and counsel for plaintiffs in the two cases were different. The panel was questioned by plaintiff's counsel as to whether any of them or their close relatives were employed by the defendant. The juror re-plied that his father was employed in the meter reading department. Plaintiff's attorney then asked him the question: "Would that, in any way, cause you to be biased or prejudiced, in any way, in a case that involved the Birmingham Electric Company, where a verdict might be rendered against them?" The question was repeated, and the juror answered: "I would rather not sit on it. I sat on a case against the electric company yesterday, but they didn't ask me if I would be biased or prejudiced; they asked me if it would embarrass me and it wouldn't embarrass me." The question, "You wouldn't be prejudiced?" The reply, "I am inclined to be." Counsel: "We would like to challenge him." The Court: "Do I understand, Mr. Cole, that you feel like you couldn't follow the evidence and the law and decide the case in accordance with the law and the evidence as the court gives it to you?" Answer: "I didn't say that. I said I can follow the evidence as well as anybody else and I am not saying I have a fixed opinion or anything like that but I am more or less —I might be inclined to favor the Birmingham Electric Company before I would the rest of them, to begin with. I don't know what it would be at the end." The court: "If that is the way you feel about it, I will excuse you, Mr. Cole. Just have a seat behind the rail."

It so happened that counsel representing the plaintiff in the instant case was present in the courtroom during the foregoing occurrence, but had no part in the case then on trial and simply heard what we have stated above as having taken place. He made affidavit that he did not know or find out that this juror was not qualified to sit in the instant case due to his prejudice, his fixed opinion and his inability to give a fair and impartial trial in such a case until he heard what transpired, as above stated.

There was no other evidence offered on the motion for a new trial, and the question is whether or not there was reversible error on the part of the court in granting the new trial on acount of such proof as to the bias or prejudice of the juror Cole.

It is well settled that the grounds specified in section 276, Title 7, Code, are not the only causes which justify the granting of a motion for a new trial at law, but the common law causes are in full force and effect, and one of them is that of a juror having such bias or prejudice as to influence him in the discharge of his duties as such juror. Citizens' Light, Heat & Power Co. v. Lee, 182 Ala. 561(24), 62 So. 199; Mutual Building & Loan Ass'n v. Watson, 226 Ala. 526(7 and 8), 147 So. 817; Birmingham Ry. Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876; Roan v. State, 225 Ala. 428, 143 So. 454; Alabama Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782.

The general rule is that when the disqualification of the juror is not known to the injured party, the disqualification is ground for a new trial. City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728.

Appellant insists that since the statute went into effect, which is section 52, Title 30, Code, section 8662, Code of 1923, counsel for litigants trying a case cannot claim that a juror was disqualified as a ground for a motion for a new trial because he did not know of such disqualification prior to the trial and verdict, when he made an examination of the juror as authorized by that statute, or could have done so. On that subject, it is said in the case of Batson v. State ex rel. Davis, 216 Ala. 275(17), 113 So. 300, 305, that the right of the party to test jurors under that statute is secured in civil and criminal cases, and that, as a general rule, a failure to do so is a waiver of the ground of challenge, for "that the parties in interest are charged with the duty of examining jurors on their *voir dire* for grounds of challenge, and, not so doing, cannot complain on motion for a new trial." The court held there was no error in the denial of the motion for a new trial on that account.

In the case of Peterson v. State, 227 Ala. 361, 150 So. 156, it was said by this Court that usually an examination by the court under section 8610, subdivision 7, Code of 1923, suffices as to the qualification of the juror and further examination by the court is discretionary, but that if parties fail to examine the jurors, as authorized by section 8662, Code of 1923, when by doing so they would probably have ascertained the disqualification, it is too late to make the objection after the verdict is rendered. In that case the court overruled the motion for a new trial.

In the case of Alabama Coca-Cola Bottling Co. v. Pope, 232 Ala. 32, 166 So. 682, this Court for like reason upheld the act of the trial court in overruling a motion for a new trial.

In Mills Lumber Co. v. Hull, 222 Ala. 229, 131 So. 902, the plaintiff in the trial court made a motion for a new trial, which was granted upon the ground of the disqualification of certain jurors. In passing upon that question this Court referred to the statutory right of the parties to examine prospective jurors and also to the Batson case, supra, and affirmed the judgment of the trial court granting the motion for a new trial on account of such disqualification, which was not discovered by an examination as authorized by said statute. The Court also referred to the case of Taylor v. State, 222 Ala. 140, 131 So. 236, in which it was stated that it is not ordinarily a want of due care of counsel to fail to examine a juror as authorized by the statute, unless there was something to suggest that such examination should be made.

This Court in the case of Leach v. State, 245 Ala. 539, 18 So.2d 289, reviewed this question under circumstances similar to those in legal effect which exist in the instant case. The Court reviewed the authorities holding that if a party or his counsel is negligent in making the inquiry of the jurors, authorized by section 52, Title 30, Code, they waive the peremptory right to have their motion for a new trial granted on account of the disqualification of the jurors, which would probably have been discovered upon such examination; but observed that the trial court may, in its discretion, grant a new trial without reversible error on account of the disqualification of the juror if the party complaining does not know it, even though he may not have been as diligent as the

law required. Mills Lumber Co. v. Hull, supra.

█ It is upon that principle appellee claims there was no reversible error in the action of the court in granting the motion for a new trial, since his act in that respect, as here applied, was largely discretionary and should not be reversed on review unless it is arbitrary or otherwise clearly erroneous. Clendenon v. Yarbrough, 233 Ala. 269, 171 So. 277.

We accept that view of the situation, and for that reason the judgment of the circuit court setting aside the verdict and granting a new trial is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN, SIMPSON and STAKELY, JJ., concur.

LAWSON, J., dissents.

LAWSON, Justice (dissenting).

The majority opinion holds that the trial court correctly set aside the verdict because the juror Cole sat on the case.

It seems to me that the verdict should not have been set aside unless it was made to appear that Cole's feelings toward the Birmingham Electric Company, as expressed subsequent to the trial of this case, could have worked to the prejudice of the plaintiff.

The verdict was in favor of the plaintiff. Hence it is obvious that any friendly feeling which Cole may have had towards the Birmingham Electric Company did not prevent him from acting on the evidence as he saw it and casting his ballot in favor of a recovery by the plaintiff. Of course, Cole could have agreed to a verdict in favor of plaintiff and yet his friendly feeling toward the defendant, Birmingham Electric Company, could have caused him to seek to keep down the amount of the verdict. However, the trial court, who saw and heard the witnesses, has expressly refused to set aside the verdict on the ground of inadequacy of damages.

It seems to me that under these circumstances it is conclusive that the fact that Cole sat on the jury in this case did not result in prejudice to the plaintiff. I am constrained, therefore, to dissent from the holding of the majority, which I understand to be that the trial court correctly set aside the verdict because of Cole's presence on the jury.

On Rehearing.

FOSTER, Justice.

Objection was made on this application that we failed to give consideration to an affidavit which was introduced on motion for a new trial to sustain the verdict of the jury. The affidavit was that of Ed. D. Robinson, Jr., who was a member of the jury, and the particular portions of his affidavit, emphasized in brief, are as follows: "I remember that Cole was one of the men who was willing to give a verdict for the plaintiff in an amount substantially above that figure to which I and another man that was holding out finally agreed to. It is my best recollection that there were several men who wanted to give a verdict for the plaintiff who named a figure below that which Cole was willing to give the plaintiff. * * * At no time during the jury's discussion of this case did I get the impression that Cole was prejudiced in favor of the electric company; but, on the other hand, he took the position with a number of other jurors, that a verdict should be returned in favor of the plaintiff for an amount much larger than the amount of the verdict in this case." It is therefore argued on behalf of appellant that the evidence shows there was no prejudice to the plaintiff on account of the service rendered by Cole on the jury.

█ We did not give consideration to that affidavit because it was not legal evidence on the question involved. With respect to the admissibility of affidavits of jurors on a motion for a new trial, the rule sustained by the courts is in the following aspects. Generally speaking, a juror to sustain a verdict may give evidence of facts which occurred or did not occur in the jury room. Mobile & Ohio R. R. Co. v. Watson, 221 Ala. 585, 130 So. 199; City of Dothan v. Hardy, 237 Ala. 603, 188 So.

**678**

264, 122 A.L.R. 637; Fortson v. Hester, 252 Ala. 143, 39 So.2d 649. Such evidence is not admissible for the purpose of impeaching a verdict. Birmingham Railway, Light & Power Co. v. Moore, 148 Ala. 115 (20), 42 So. 1024; Finney v. Newson, 203 Ala. 191(8), 82 So. 441; George's Restaurant v. Dukes, 216 Ala. 239(6), 113 So. 53; City of Dothan v. Hardy, supra.

But in order to sustain a verdict of the jury, for the affidavits of the jurors to be admissible they must be with respect to facts and occurrences open to the observation of other jurors so that they may be subject to contradiction, for the rule does not permit evidence by the jurors "of their own mental operations by disclosing the grounds of, or the reasons for, their verdict, the discussions which took place in the jury room, or the motives or influences which affected their deliberations and decision, by denying that they were affected by matters which might, if their effect was prejudicial to the moving party, furnish grounds for a new trial, or by asserting that they disregarded improper instructions by the court or incompetent material evidence which was before them and was not seasonably withdrawn or excluded." 66 Corpus Juris Secundum, New Trial, § 169, page 426; City of Dothan v. Hardy, supra; Glaspell v. Northern Pacific R. R. Co., C.C., 43 F. 900, reversed on other grounds, 144 U.S. 211, 12 S.Ct. 593, 36 L.Ed. 409.

The testimony contained in the affidavit of Robinson, which we have quoted above, comes within the rule of exclusion, sustained by the authorities, and which is last above quoted. We cannot therefore give it consideration for the purpose of determining that the motion for a new trial was improperly granted.

Our opinion may not have been accurate in saying there was no other evidence offered on the motion for a new trial, whereas it should have said there was no other legal evidence offered on such motion.

It follows the application for rehearing is overruled.