69 So.2d 286

### JACKSON v. McFADDEN.

4. Div. 708.

Supreme Court of Alabama.

Dec. 17, 1953.

110

Jas. W. Kelly and Jos. F. Ward, Geneva, for appellee.

E. C. Boswell and Neil Metcalf, Geneva, for appellant.

PER CURIAM.

This is a suit in unlawful detainer begun in a justice of the peace court, and from the judgment rendered an appeal was taken to the circuit court where it was tried de novo with a jury. There was a verdict for plaintiff and defendant appealed, giving a supersedeas bond in an amount fixed by the trial judge.

By the first assignment of error appellant contends that the verdict of the jury did not respond to the issue in that the jury returned a verdict finding for the plaintiff for the land described in the complaint, rather than for possession of the land sued for, and further that it did not support the judgment which the court rendered for the possession of the land.

We cannot accept that as a correct theory. The suit was for possession as claimed in the complaint and, therefore, a finding for plaintiff was for the possession. It did not embrace any other right than the possession. The title was not involved and the verdict did not affect the title nor was it a finding as to the title. There was no error with respect to the form of the verdict in not responding to the issue. It did so respond and did nothing else, and was ample authority for the judgment as rendered.

Assignment of error No. 2 was without merit in respect to the controverted issue.

By the third assignment appellant insists that it was error to require him on cross-examination to testify that he did not live on the land, which was a farm with a dwelling on it and which he rented to another person for $10 a month. But on direct examination, over appellee's objection, the court had allowed appellant to testify that the rental value of the land, including the entire place, was $100 for 1952, the year here in controversy. Appellee had the right to impeach that evidence as this tended to do.

Assignment No. 4 relates to the refusal to grant the motion for a new trial on the ground that it was contrary to the great weight of the evidence. The evidence was conflicting on the main issue, that was whether after December 1, 1951 there was a verbal contract to rent the land beginning in December 1951 and ending December 1, 1952, not within the statute of frauds. The trial court in his oral charge clearly and correctly explained the statute of frauds of one year as here applicable, and submitted the solution of the controversy to the jury, and then denied the motion for a new trial based on the weight of the evidence. The trial judge was in better position than the members of this Court to pass on that question. The situation does not authorize a reversal of his ruling in that respect. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Appellant also insists that the motion for a new trial should have been granted because after the verdict one of the jurors was shown to have been related to one of the counsel for plaintiff (appellee) by consanguinity within the ninth degree. Title 30, section 55, subd. 11. Title 30, section 6 requires the trial judge to ascertain that the jurors possess the qualifications required by law. The trial judge did not ask the jurors whether there was such relationship. Neither plaintiff nor defendant exercised the right conferred by Title 30, section 52 to examine the jurors as to their qualifications. Of course, there was a duty for the trial court to ask the members of the panel whether any one of them was related to any attorney appearing for either party. That is an imperative duty. But that omission occurred in the presence of counsel and no objection was made on that account and no request made to interrogate the jurors further as to their qualifications. Where the court grants a motion for a new trial on that ground, this Court has upheld it although counsel were not as diligent as the law requires. Mills Lumber Co. v. Hull, 222 Ala. 229, 131 So. 902; Leach v. State, 245 Ala. 539, 18 So.2d 289; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907. It is said that usually an examination by the court as to the qualifications of jurors is sufficient. But a failure by counsel to examine them as authorized by law, when by doing so the disqualification could probably have been ascertained, waives the peremptory right of

the parties to have a new trial, but not of the right of the court to grant it in his discretion. Leach v. State, supra; Birmingham Electric Co. v. Yoast, supra. In those cases the court discharged the statutory duty in qualifying the jurors.

Here the question was not propounded to the jury by the court. It thereby became all the more the duty of the parties to take advantage of the statute in order to be duly diligent. And a failure to do so was a waiver of the peremptory right to have the verdict set aside on that account, though the parties and counsel did not know of the relationship until after the verdict was returned. The case of Batson v. State, 216 Ala. 275, 113 So. 300, was the first to set down the rule to that effect.

No reversible error appears in the record, and the judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.