BURKE, Judge.
Suzanne Carol Bennison was convicted of the sexual abuse of a child less than 12 years old, her daughter, in violation of § 13A-6-69.1, Ala.Code 1975, and the sexual torture of her daughter, in violation of § 13A-6-65.1, Ala.Code 1975. She was sentenced to life imprisonment as an habitual offender for each conviction, these sentences to run concurrently.
The sufficiency of the evidence is not challenged, so a rendition of the facts is unnecessary to this decision.
Bennison argues that the trial court érred in denying her motion for new trial based on juror misconduct. Bennison refers to a false statement by a juror concerning pending criminal prosecution against him. Bennison’s argument relies solely on Ex parte Dixon, 55 So.3d 1257 (Ala.2010).
“In Ex parte Dobyne, 805 So.2d [768,] at 772 [ (Ala.2001)], this Court stated:
“ ‘[T]he proper standard to apply in determining whether a party is entitled to a new trial in this circumstance [where a juror fails to respond correctly to a question on voir dire] is “whether the defendant might have been prejudiced by a veniremember’s failure to make a proper response.” Ex parte Stewart, 659 So.2d [122] at 124 [(Ala.1993)]. Further, the determination of whether a party might have been prejudiced, i.e., whether there was probable prejudice, is a matter within the trial court’s discretion.’
“Id. See also Reynolds v. City of Birmingham, 723 So.2d 822, 824 (Ala.Crim.App.1998) (‘ “[T]he ruling of the trial judge denying a motion for new trial will not be disturbed in the absence of a showing of abuse of discretion, and this Court will indulge every presumption in favor of the correctness of his ruling.” ’(quoting Hall v. State, 348 So.2d 870, 875 (Ala.Crim.App.1977))).”
Ex parte Dixon, 55 So.3d at 1259.
In Dixon, a prospective juror did not respond to the following question posed to the venire during voir dire: “ ‘Have you or a member of your immediate family ever been a criminal defendant in a criminal case in either the district court or the circuit court in this county where [the district attorney or any of his assistants] prosecuted the case?’ ” Id. at 1259. However, criminal charges were pending against the potential juror at the time; the charges had been filed less than two weeks before Dixon’s trial. -The potential juror was negotiating with the prosecutor for a plea agreement and would likely have been affected by her relationship with the State. The question posed to the venire was not confusing and clearly required an affirmative answer from the potential juror. When questioned during the hearing on Dixon’s motion for a new trial, the potential juror gave excuses that were “ ‘hairsplitting’ explanations,” 55 So.3d at 1262, and admitted that she herself had been negotiating with the prosecutor (the same *1035 prosecutor who was involved in Dixon’s trial) at the time. Dixon’s counsel testified at the hearing that had he known of the pending charges, he would have challenged the potential juror for cause or struck her from the jury. Finally, the Court found that the prosecutor’s failure to disclose the pending charges, the outcome of which he was personally negotiating and of which he did not deny knowledge, allowed the prejudice when the potential juror failed to properly respond. “Although various Alabama courts have held that the State does not have a general obligation to disclose information on veniremembers, fairness dictates that the State cannot stand mute when a juror fails to respond (or responds incorrectly) to a question on voir dire and the prosecutor is aware of the true facts.” 55 So.3d at 1262 (footnote omitted.)
The proper standard to apply in determining whether a defendant is entitled to relief by way of a motion for new trial when the grounds concern a juror’s giving false information is whether the defendant might have been prejudiced by the potential juror’s failure to make a proper response. Ex parte Stewart, 659 So.2d 122, 124 (Ala.1993). Moreover, the impact of a false response by a potential juror on a party is shown when the party “ ‘ “ ‘is deprived of his right of challenge for cause, and is deceived into foregoing his right of peremptory challenge.’ ” Ex parte Ledbetter, 404 So.2d 731, 733 (Ala.1981) (quoting Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. denied, 245 Ala. 539, 18 So.2d 289 (1944)).’ ” Ex parte Dixon, 55 So.3d at 1261. However, every failure to respond truthfully to a question during voir dire does not require a mistrial. Freeman v. Hall, 286 Ala. 161, 166, 238 So.2d 330, 335 (1970).
In the present case, Bennison attached purported excerpts from the transcript of the voir dire to her motion for a new trial contained in the record on appeal.[1] However, the transcript does not contain the voir dire examination. It is the appellant’s duty to ensure that a record is complete for purposes of appeal. Welch v. State, 63 So.3d 1275, 1279 (Ala.Crim.App.2010). However, the State did not refute the excerpts attached to Bennison’s motion for a new trial,[2] and, assuming that these statements made in pleading are accurate, the following transpired at voir dire:
“[Prosecutor]: I’d like to know generally if you — and again, we won’t know if — or any members of your immediate family, spouse, children, parents or siblings have ever been charged with a crime before. ... And also, the following misdemeanor offenses, and that would be drug offenses, assaults, indecent exposure or alcohol offenses.”
(C. 110.) The potential juror in question responded affirmatively. Thereafter, during individual questioning of this potential juror, the following transpired:
“[Prosecutor]: And, of course, the only question I had, I think the one you stood up on had to do with the possible other charges for you or members of your family.
“Potential Juror: Yeah, I had an IP-PLE, illegal possession of alcohol four years ago. My boss was driving and had a DUI and I — it was an open container in the car. And all it was, was that, so. It was just a fine more than a charge, I think.
“[Prosecutor]: Not something that would affect you in this case?
*1036 “Potential Juror: No, Sir.”
(C. 117.)
Although Bennison did not have a hearing on her motion for a new trial, defense counsel argued in the motion that, “[h]ad undersigned counsel known of the pending charges against [potential juror] as listed hereinabove, a challenge for cause would have been made and failing that, a peremptory challenge to strike would have been used, thereby changing the make-up of the jury.” (C. 105.) Moreover, Benni-son attached a document from the Alac-ourt Web site, indicating that the potential juror had pending charges for speeding, failure to display insurance, open-container violation of the law, DUI, and promoting prison contraband. Another Alacourt document indicated that the potential juror’s preliminary hearing was originally set for June 5, 2012, was continued to June 19, 2012, and was continued again. Benni-son’s trial was held frdm June 11-15, 2012. Although a special prosecutor was brought in from Franklin County to try the case, the Limestone County District Attorney, who had recused himself because of a conflict of interest, was present during the voir dire. As noted in the motion for a new trial, defense counsel objected to the Limestone County District Attorney’s presence. (R.6). In the motion, Bennison argued:
“The trial court made it clear in no uncertain terms that the Limestone County District Attorney was not to assist in any way. See attached Exhibit ‘9’ voire dire transcript page 3, line 21 through page 4, line 10. Prosecutor [the Limestone County District Attorney], Defendant Suzanne Bennison’s former defense attorney, continued his presence in the court room taking notes on jury selection and sitting in the jury box looking over the potential jurors in the audience. At the time of [the Limestone County District Attorney]’s activity in paragraphs 14-15 herein above, unbeknownst to undersigned counsel and the Trial Court, he was an active prosecutor on the case. The attached Exhibit ‘10’ from www.alacourt.com clearly shows that he entered himself as an attorney of record on June 11, 2012. In fact, [the Limestone County District Attorney]’s code was the operator listed as entering himself in the case as shown in said Exhibit ‘10.’ During the entire jury selection process, the prosecuting attorney for [potential juror] for charges pending in no less than five cases was in the court room as an attorney of record for the State of Alabama in a case where he was clearly conflicted out of and ruled upon by this Honorable Court. Defendant Suzanne Bennison was prejudiced by [potential juror]’s deceit during voire dire and the blatant disregard for a conflict of interest by the Limestone County District Attorney.”
(C. 106.)
Moreover, although the potential juror in this case indicated that his prior offenses would not affect his decision, the Alabama Supreme Court, in Ex parte Dixon, rejected this Court’s determination “that there was no prejudice to Dixon by [potential juror]’s failure to respond because she later testified that the fact that charges were pending against her did not affect her verdict.” 55 So.3d at 1260. The State on appeal further raised this argument, but the Alabama Supreme Court stated:
“The State’s contention is based upon [potential juror]’s negative response when asked whether her verdict was prejudiced by circumstances relating to the pendency of the criminal charges against her. The State cites no authority and makes no legal argument to support the assertion that the presumption of prejudice can be rebutted merely by a juror’s conclusory statement that his or her verdict was not affected by the po *1037 tential source of bias. In any event, the juror’s own testimony as to his or her impartiality in rendering a verdict does nothing to rebut evidence that trial counsel would have challenged the juror for cause or would have used a peremptory challenge to strike that juror had the juror responded truthfully to the question. The point of peremptory challenges is to reduce the effect of hidden or unconscious biases. See Bruner v. Cawthon, 681 So.2d 178 (Ala.1996) (Maddox, J., concurring in the result) (discussing possible use of written questionnaires to ‘disclose hidden prejudices that the juror might not even suspect he or she has’); Ex parte Branch, 526 So.2d 609, 628 (Ala.1987) (discussing role of peremptory challenges in identifying and excluding jurors likely to be biased against a party).”
55 So.3d at 1264 (footnotes omitted). Thus, according to the finding in Ex parte Dixon, this statement by the potential juror in the present case does not negate the prejudice to Bennison.
The State argues that there is no proof that negotiations were going on between the potential juror and the district attorney at the time of Bennison’s trial; however, the potential juror’s charges were clearly pending following continuances at the time, and the prosecutor in the case against the potential juror was present during the voir dire in this case.
On appeal, the State contends that this case should, at most, be remanded for a hearing on the motion for a new trial based on the logic in Edgar v. State, 646 So.2d 688 (Ala.1994). In Edgar, the case was remanded for the trial court to conduct a hearing and to enter an order either granting or denying the motion following the denial of Edgar’s motion for a new trial by operation of law. The Court in Edgar framed the issue presented as: “If a criminal defendant moves for a new trial under the provisions of Rule 24, Ala. R.Crim.P., and supports the new trial motion by evidence that was not presented at trial, and the State files nothing to controvert the evidence presented, and the judge allows the motion to be denied by operation of law, then on appeal is the defendant entitled to a reversal for a new trial?” 646 So.2d at 684. The Court concluded:
“We hold that where, as here, a criminal defendant’s motion for a new trial is denied under the provisions of Rule 24.4, Ala.R.Crim.P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion. This holding is consistent with the above stated purposes. It does not permit a post-trial motion to remain pending in the trial courts for an inordinate period of time. This procedure does not undermine the finality of the judgment, because the only other alternative under the circumstances of this case would be to reverse the judgment of conviction and remand for a new trial, throwing out not only the judgment denying the motion, but also the judgment on the merits of the case. This resolution also fulfills the purposes of Rule 1.2, Ala.R.Crim.P., of ensuring ‘fairness in administration, and the elimination of unnecessary delay and expense’ that would be caused by granting a new trial before the trial judge had ruled on the motion.”
646 So.2d at 687-88.
Here, although the court ruled on the motion for a new trial and denied it, no *1038 hearing was held to allow Benison to prove her claim or for the State to refute the claim. The Court in Ex parte Dixon reversed the court’s decision and remanded the case for a new trial based on the juror’s false statements after having held a hearing on the claim. Therefore, this cause is due to be remanded for a hearing on Bennison’s claim of juror misconduct. Following the hearing, the court shall file a return with this Court including any testimony, affidavits, or other evidence presented, as well as the court’s findings. Return shall be filed within 35 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ„ concur.

On Return to Remand

BURKE, Judge.
Suzanne Carol Bennison was convicted of the sexual abuse of a child less than 12 years old, her daughter, in violation of § 13A-6-69.1, Ala.Code 1975, and the sexual torture of her daughter, in violation of § 13A-6-65.1, Ala.Code 1975. She was sentenced to life imprisonment as a habitual offender for each conviction; the sentences were ordered to run concurrently.
Following her trial, Bennison filed a motion for a new trial. No response was filed by the State, and the motion was denied by operation of law. Rule 24, Ala. R.Crim. P. Bennison appealed, and this Court remanded the case to the trial court to conduct a hearing on one of Bennison’s claims of error. Bennison v. State, 155 So.3d 1031 (Ala.Crim.App.2013). The appeal is now before this Court on return to remand.
On appeal, Bennison argues that the trial court erred by denying her motion for a new trial because of alleged juror misconduct, because of an alleged conflict of interest of the prosecutor,[1] and because of the trial court’s alleged improper conduct in threatening Bennison’s medical experts with contempt and refusing to grant a continuance.
I.
Bennison argues that the trial court erred in denying her motion fór a new trial based on alleged juror misconduct. Specifically, she alleged in her motion that one of the jurors gave false information during the voir dire examination concerning whether he had ever been charged with a felony or certain misdemeanors involving alcohol or drugs. During subsequent individual examination of the jurors who had responded affirmatively, to the line of questioning the juror in question stated that he had been charged and fined for illegal possession of prohibited liquor. However, Bennison attached to her motion documents from the Alacourt Web site showing that the juror had pending criminal charges for speeding, for failure to display insurance, for committing an open-container violation, for driving under the influence of drugs or alcohol (“DUI”), and for promoting prison contraband. Trial on these charges had been continued to a date that was eight days following the date of the commencement of Bennison’s trial. The prosecutor for the juror’s cases, who was from Limestone County, was present in the courtroom during Benni-son’s trial, although the prosecutor in Ben-nison’s trial, appearing as a special prosecutor, was from Franklin County. See supra note 1. Pursuant to Ex parte Dixon, 55 So.3d 1257 (Ala.2010), this Court initially remanded this case to the trial court to hold a hearing on this claim be *1039 cause the motion for a new trial had been denied by operation of law and the State had not refuted the claim. Bennison v. State, 155 So.3d at 1038.
On return to remand, the trial court filed the transcript of the hearing on remand, which contained the testimony of the juror, who indicated that he had had charges for DUI, for possession of marijuana, and for other offenses pending at the time of Bennison’s trial, but he stated that he did not remember when his trial on these charges had been set in relation to Bennison’s trial. He testified that he saw the prosecutor from Limestone County, where he was to be prosecuted, seated in the courtroom during Bennisoris trial. He also testified that, in January 2013, following his trial in June 2012, his counsel negotiated an agreement in which he received “diversion” of his sentence.
The juror testified that he had not disclosed the pending charges when he had been called into chambers after voir dire, stating, “I had not been to court over it yet or anything. I was thinking convicted because that charge and convicted, to me, were the same thing, that I was thinking.” (Record on return to remand, R. 9.) When asked if his answers had been intended to deceive, he responded: “No, sir, I was not trying to mislead anybody.” Id. He testified: “I don’t know why anybody would falsify to try to get on a jury anyways.” (Record on return to remand, R. 10.) He acknowledged that he had informed the judge of his one conviction. He informed the court that that conviction had been “for illegal possession of a prohibited liquor, and I had to spend the night in jail and it was just a fine actually.” (Record on return to remand, R. 5.)
Defense counsel, during the hearing on remand, gave his own sworn testimony, stating that he would have challenged the juror for cause if he had known of the pending charges. Defense counsel further testified that if such a challenge for cause had not been granted, he would have used one of his peremptory strikes to remove the juror from the venire.
The trial court’s order filed on return to remand states:
“In this hearing, [the juror] admitted that he had a pending charge for driving under the influence in Limestone County at the time of his voir dire response, and that he failed to disclose that. [The juror] testified this oversight was not intentional but a mistake. He indicated that he understood the question to relate to a ‘conviction’ and not a pending ‘charge.’
“This Court finds that [the juror] mistakenly overlooked this disclosure. This Court finds that his service in the case as a juror was not prejudicial to the Defendant. This Court has further heard all evidence presented herein and finds no evidence or basis to support the claim that juror misconduct adversely affected the trial or rights of this Defendant.”
(Record on return to remand, C. 3.)
In McWhorter v. State, 142 So.3d 1195, 1210 (Ala.Crim.App.2011), Casey McWhorter claimed that he had been denied his free exercise of peremptory strikes, as well as his rights to due process and a fair trial, due to juror misconduct. McWhorter argued that a juror’s failure to disclose material information about herself during jury selection prejudiced him. McWhorter relied on Ex parte Dixon, as does Bennison, to support his claim. In McWhorter, a capital-murder case, the juror failed to disclose, either on the questionnaire or during voir dire, that her father had been murdered. At an evi-dentiary hearing, the juror disclosed that the memories of her father’s death were traumatic and that, because she had been a child at the time, she had been uncertain *1040 as to whether her father had drowned or had’been murdered. The juror appeared to waver in her answers and. to be confused. This Court determined that the circuit court was in a better position to assess the testimony of the juror and held that “there is no indication that the circuit court abused its discretion in denying McWhorter relief on his claim related to Juror[’s] answers on her juror questionnaire and during voir dire examination.” McWhorter, 142 So.3d at 1219. This Court further found that the circuit court could have properly denied relief on this claim because McWhorter failed to establish prejudice and stated:
“To prevail on a claim of juror misconduct, the petitioner must establish that he ‘might have been prejudiced’ by the jurors’ failure to respond truthfully to a question posed on voir dire. See Ex parte Stewart, 659 So.2d 122, 124 (Ala. 1998).
“ ‘ “We are mindful of the heavy responsibility placed on the trial court to maintain the statutory right which parties have to a full and truthful disclosure by jurors on voir dire. However, we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors.”
“ ‘Freeman v. Hall, 286 Ala. 161, 167, 288 So.2d 330, 336 (1970).’
“Albarran[ v. State], 96 So.3d [131] at 196 [(Ala.Crim.App.2011)].”
McWhorter, 142 So.3d at 1219-20. Moreover, this Court noted the large number of jurors who fail to disclose material information and stated that the courts must balance possible prejudice against the interest of finality of judgments. This Court stated:
“ ‘ “[T]he problem of jurors failing to disclose material information during voir dire is neither a recent development nor an unusual occurrence. In 1965 Dale Breeder published his seminal study on juror dishonesty during voir dire. The article included many case studies detailing why jurors fail to respond honestly during voir dire. For some jurors, the questions seemed too trivial to merit an honest response. Other jurors were simply too nervous to volunteer information during voir dire. For still others, the desire to serve outweighed the desire to tell the truth. One particular juror viewed selection as an honor and intended to use his jury experiences as a sübject of barroom conversation. More recent research indicates that approximately twenty-five percent of jurors fail to reveal material information during voir dire.
“ ‘ “Given the high frequency with which jurors fail to disclose material information, it should come as no surprise that a showing of juror dishones-. ty, made after the trial, does not necessarily lead to the granting of a new trial. As Professor David Crump has noted, courts must balance two strong and competing interests: fairness and finality. In the criminal context, fairness means the right to impartial jurors, the right to the intelligent use of peremptory strikes, and the right to be free from juror misconduct. Courts will consider some combination, of these rights in deciding whether to grant a new trial.”
“ ‘When Jurors Lie: Differing Standards for New Trials, 22 Am. J.Crim. L. 733, 734-35 (1995) (footnotes omitted).’ ”
McWhorter, 142 So.3d at 1220, quoting Smith v. State, 838 So.2d 413, 439 (Ala.Crim.App.2002).
In determining whether a juror’s misconduct requires a new trial, the court must determine whether the conduct might have prejudiced the defendant.
*1041 “It is true that the parties in a case are entitled to true and honest answers to their questions on voir dire, so that they may exercise their peremptory strikes wisely.... However, not every failure to respond properly to questions propounded during voir dire ‘automatically entitles [the defendant] to a new trial or reversal of the cause on appeal.’ Freeman v. Hall, 286 Ala. 161, 166, 238 So.2d 330, 335 (1970).... As stated previously, the proper standard to apply in determining whether a party is entitled to a new trial in this circumstance is ‘whether the defendant might have been prejudiced by a veniremember’s failure to make a proper response.’ Ex parte Stewart, 659 So.2d [122] at 124 [(Ala.Crim.App.1993)]. Further, the determination of whether a party might have been prejudiced, i.e., whether there was probable prejudice, is a matter within the trial court’s discretion. Eaton v. Horton, 565 So.2d 183 (Ala.1990); Land & Assocs., Inc. v. Simmons, 562 So.2d 140 (Ala.1989) (Houston, J., concurring specially).
“‘The determination of whether the complaining party was prejudiced by a juror’s failure to answer voir dire questions is a matter within the discretion of the trial court and will not be reversed unless the court has abused its discretion. Some of the factors that this Court has approved for using to determine whether there was probable prejudice include: ‘temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror’s inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.’ ”
Ex parte Dobyne, 805 So.2d 763, 771-72 (Ala.2001) (footnote omitted).
In this case, the trial court held an evidentiary hearing and the juror testified that he had misunderstood the question propounded on voir dire. In fact, during the hearing on remand, the question was framed interchangeably by the parties in terms of whether he had ever been charged with a crime or whether he had ever been convicted of a crime. He had answered the question honestly as to his prior conviction during voir dire, although the question during voir dire had actually related to prior charges. He testified that he had not intended to mislead either party. The court heard his testimony and determined that Bennison was not prejudiced by his failure to respond. Moreover, unlike the juror in Ex parte Dixon, although charges were pending against the juror, he was not to be prosecuted by the same prosecutor or the same county district attorney’s office that was prosecuting Bennison’s trial. Further, in Ex parte Dixon, “[a]t the time of Dixon’s trial, [the juror] personally was engaged in discussing the disposition of the charges [against the juror] with the district attorney.” 55 So.3d at 1259. At the time of Bennison’s trial, the juror in this case was not involved in any negotiations regarding the charges pending against him, and he testified that he was unaware of whether his attorney had spoken to the prosecutor at the time of Bennison’s trial.
There is no indication that the trial court abused its discretion in determining that Bennison was not prejudiced by the juror’s failure to respond during voir dire regarding his pending charges. Therefore, we find no error as to this issue.
II.
Bennison argues that the prosecutor from Limestone County was improperly allowed to actively participate in the case, although defense counsel had apparently filed a motion alleging conflict of interest against the Limestone County district attorney. The record fails to indicate *1042 the specific grounds of the motion, but Bennison alleged in her motion for a new trial that the Limestone County district attorney had previously been her defense counsel. The trial court acknowledged, before voir dire, that the motion had been made and was due to be granted. The trial court admonished the prosecutor from Limestone County, who was present in the courtroom, that he was not to participate in the proceedings, and both the prosecutor from Limestone County and the acting prosecutor from Franklin County, who had filed a notice of appearance as a special prosecutor, assured the court that he would not. There is no evidence in the record indicating that the prosecutor from Limestone County participated in the trial. Bennison did not object to the trial court’s admonition, nor did she raise this issue or object on this basis at trial. Because Ben-nison failed to object at trial, her attempt to raise the issue in her motion for a new trial was untimely. See Harris v. State, 794 So.2d 1214, 1223 (Ala.Crim.App.2000) (failure to object and receive an adverse ruling concerning a constitutional issue will not be preserved by subsequently raising it in a motion for a new trial).
Moreover, in her motion for a new trial, Bennison makes a bare allegation that the prosecutor from Limestone County actively participated in the trial and attached an alleged Alacourt Web site document showing a notice of appearance with a code that Bennison alleges signifies the prosecutor from Limestone County.[2] This is insufficient to show that the Limestone County prosecutor participated in the trial, and the record reveals no indication of his participation. This Court will not find error from a silent record. “ ‘ “Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done.” ’ ” Williams v. State, 55 So.3d 366, 370 (Ala.Crim.App.2010), quoting Owens v. State, 597 So.2d 734, 736 (Ala.Crim.App.1992), quoting in turn Jolly v. State, 405 So.2d 76, 77 (Ala.Crim.App.1981).
Moreover, on appeal, Bennison fails to satisfy Rule 28(a)(10), Ala. R.App. P., because, although her argument contains one citation to authoi'ity, she fails to assert how that authority supports her claim.
In L.J.K. v. State, 942 So.2d 854 (Ala.Crim.App.2005), this Court stated:
“This argument fails to comply with Rule 28(a)(10), Ala. R.App. P. Although [the appellant] cites legal authority in support of [her] claim, [she] fails to provide any argument whatsoever as to how that authority is relevant to and supportive of [her] allegation.... As noted above, ‘[m]erely citing a case with no discussion as to its relevance is insufficient to satisfy Rule 28(a)(10).’ Hodges v. State, 926 So.2d [1060] at 1075 [(Ala.Crim.App.2005)]. See also Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 608 (Ala.2002) (opinion on application for rehearing) *1043 (‘Merely quoting a statute and emphasizing certain parts with bold type does not constitute a properly stated and supported contention.’), and Spradlin v. Spradlin, 601 So.2d 76, 78-79 (Ala.1992) (holding that citation to a single case with no argument as to how that case supports the appellant’s contention on appeal was insufficient to satisfy Rule 28(a)(5) (now Rule 28(a)(10)), Ala. R.App. P.).”
942 So.2d at 864-65. Thus, Bennison is due no relief on this issue.
III.
Bennison also contends that the trial court erroneously denied her motion for a new trial because the court improperly threatened her expert medical witnesses with contempt and refused to grant a continuance to allow their testimony. It appears that Bennison argues that she had scheduled the witnesses’ testimony for a certain time but the State’s case ended earlier than she had anticipated.
In her brief, Bennison fails to cite any authority to support her argument. Nor does she cite to the record, other than to her motion for a new trial and to references indicating that the court ended a trial day at 4:00 p.m. on one occasion and that the court ended the trial day at 4:30 p.m. on another occasion when one of the State’s witness’s testimony had concluded. Bennison’s argument in her brief fails to satisfy Rule 28(a)(10)(providing that an appellate brief shall contain “[a]n argument containing the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on”). The failure to comply with Rule 28 constitutes a waiver of this argument. See C.B.D. v. State, 90 So.3d 227, 239 (Ala.Crim.App.2011) (“Failure to comply with Rule 28(a)(10) has been deemed a waiver of the issue presented.”). Accordingly. Bennison is entitled to no relief based on this claim of error.
For the reasons expressed above, the trial court’s judgment is affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. In its brief on appeal, the State argues that Bennison apparently had only portions of the voir dire transcribed.

. The State filed no response and there was no hearing on the motion.

. A special prosecutor was appointed from Franklin County for Bennison’s trial due to a conflict of interest on the part of the district attorney of Limestone County.

. We note that during the hearing on the motion for a new trial, defense counsel attempted to admit the alleged Alacourt document to illustrate the Limestone County prosecutor's involvement, and the court responded: "All I know is [the Limestone County prosecutor] took no active part in this case. I witnessed the questions. I tried the case. He wasn't involved, but if you’re needing to make some inference that because his name is on a print screen that he's involved with the case, I’ll certainly take that in consideration when I’m ruling if that’s where we are.” (Record on return to remand, R. 40-41.) The court also stated: "If I put [the prosecutor from Franklin County] in the case and I excused [the prosecutor from Limestone County] from the case, the fact that his name appears on Alacourt records has nothing to do with the fact that he’s attorney of record.” (Record on return to remand, R. 50.)