17 So.2d 425

## GANDY v. CITY OF BIRMINGHAM.

### 6 Div. 196.

Supreme Court of Alabama.

Nov. 4, 1943.

Wm. Conway, of Birmingham, for the petition.

Ralph E. Parker, of Birmingham, opposed.

BOULDIN, Justice.

Petitioner was convicted in the Recorder's Court for violation of an ordinance of the City of Birmingham; she appealed to the Circuit Court, was there convicted, and forthwith took an appeal to the Court of Appeals. Thereafter, within the thirty-day period, she filed a motion for new trial, which the trial court undertook to entertain, and thereafter overruled.

The Court of Appeals held that, as regards appellate procedure, this is a civil and not a criminal case; that taking the appeal transferred jurisdiction of the cause to the appellate court divesting the circuit court of jurisdiction to entertain a motion for new trial; and, therefore, the ruling on motion for new trial was not subject to review. These rulings are not challenged on petition for certiorari to this court.

But the Court of Appeals further held that court was not at liberty "to review any ruling shown only by the bill of exceptions"; and further held that the testimony not being properly before that court, it could not review certain refused charges which must be considered in the light of the evidence.

These holdings are challenged by petitioner. The appeal was taken from the judgment of conviction in the circuit court, not from the ruling on motion for new trial. Taking such appeal quite obviously did not prevent the presentation and signing of a bill of exceptions to become part of the record on appeal. We do not apprehend the Court of Appeals meant to hold otherwise.

From the tenor of the opinion, and the absence of other apparent reason for the holdings here complained of, we take it the Court of Appeals held that the bill of exceptions could not be considered because not presented or signed within the time required by law, such time not having been extended by the pendency of an effective motion for a new trial.

In this the court seems to have overlooked Title 7, § 827 of the Code of Alabama, 1940, providing that the court shall not strike a bill of exceptions ex mero motu because not presented or signed within the time required by law. It can be stricken only on motion of a party to the record, made and submitted at or before

the time of submission on the merits. See annotations to above Code section.

No such motion or submission thereon appears. The bill of exceptions appearing in the record purports to contain all the evidence produced upon the trial.

The Court of Appeals erred in the holdings complained of and above noted.

It affirmatively appearing that because of such error the Court of Appeals has not considered all the rulings duly presented for review, the writ of certiorari is due to be granted, the judgment of the Court of Appeals vacated, and the cause remanded to that court for further proceedings in keeping with this opinion. So ordered.

We consider no other question presented by this petition for certiorari. This should await the final result in the Court of Appeals.

Writ granted.

All the Justices concur.