115 So.2d 907

**Leslie Hugh GREEN**

v.

**TOWN OF OXFORD.**

**7 Div. 574.**

Court of Appeals of Alabama.

Nov. 24, 1959.

Edwin W. Harwell, Anniston, for appellant.

Young, Aird & Young, Anniston, for appellee.

PRICE, Judge.

This cause originated in the Recorder's Court of the Town of Oxford, where defendant was convicted for the violation of an ordinance of said town. Appeal to the Circuit Court resulted in a jury trial and a judgment of conviction.

The final judgment was rendered on November 12, 1958, at which time notice of appeal to this court was given. Appeal bond was filed and approved on November 14, 1958. Defendant filed motion for new trial on December 1, 1958.

The plaintiff, Town of Oxford, filed motion to strike defendant's motion for a new trial, setting up that the trial court was without jurisdiction to entertain defendant's motion for a new trial after the appeal was taken. Plaintiff's motion was granted and the motion for a new trial was stricken.

The appellant's assignments of error are directed, (1) to the insufficiency of the evidence to make out a prima facie case and to sustain the verdict, because of the absence of evidence that there was an ordinance of the Town of Oxford in force at the time, covering the alleged offense for the violation of which defendant was convicted, and (2) to the action of the court in granting plaintiff's motion to strike defendant's motion for a new trial.

The proceedings in the circuit court were not recorded by a court reporter. A statement in lieu of a transcript of the evidence, as provided by Title 7, Sec. 827(3), Code 1940, is set out in the record. The following appears in said statement:

"The Town of Oxford and the defendant rested their case. No evidence had been presented to the court showing the existence or validity of the

ordinance of the Town of Oxford the defendant was accused of violating in this cause. The Town of Oxford and the defendant through their respective attorneys argued the case to the jury.

"The court charged the jury in substance that it was illegal for a person to drive an automobile on the public streets of Oxford, Alabama, while intoxicated, at the time of the alleged offense, and explained the elements of the offense to the jury. Neither the Town of Oxford nor the defendant objected to the court's oral charge to the jury. Neither the Town of Oxford nor the defendant asked the court to give the jury any special written charges. Neither party excepted to the court's charge."

 Our review is limited to those matters upon which action or ruling at nisi prius has been had or invoked. See 7 Ala. Dig., Criminal Law, ☞1030(1) for numerous cases.

 It is clearly shown by the "statement in lieu of transcript" that failure of proof of the existence and validity of the ordinance was not raised in the trial court except by the motion for a new trial.

 In Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633, 638, the court said:

"And after an appeal has been taken, the trial court has no power to entertain a motion for a new trial or rehearing under either the thirty-day statute, Code 1940, Tit. 13, § 119, or the four-month statute, Code 1940, Title 7, § 279, except as it may be affected by the specific grant in criminal cases by Title 15 §§ 368 and 382 of the Code."

In Gandy v. City of Birmingham, 31 Ala. App. 313, 17 So.2d 421, 423, certiorari granted 245 Ala. 1, 17 So.2d 425, certiorari denied 245 Ala. 441, 17 So.2d 426, this court held that a violation of a city ordinance is not a criminal case within the purview of the Code sections, supra, providing for

the retention of jurisdiction by the trial court in criminal cases where an appeal is taken. This court said:

"That appeal effectually removed the cause from the trial court, and thereafter it had no jurisdiction to grant or to entertain appellant's motion for a new trial, * * *."

The granting of the motion to strike the motion for a new trial was without error.

 Counsel for appellant has filed a motion to strike appellee's brief because it was not filed within the time provided by Supreme Court Rule 12, Code 1940, Tit. 7 Appendix. A brief for appellee not filed within the time prescribed by the rule will be considered at the discretion of the court. State ex rel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36. The motion to strike appellee's brief is denied.

Affirmed.