149 So.2d 810

**J. L. MORRIS**

v.

**ZAC SMITH STATIONERY COMPANY**
**and Larry Joe Steeley.**

**6 Div. 636.**

Supreme Court of Alabama.

Feb. 7, 1963.

R. B. Jones and W. W. Conwell, Birmingham, for appellant.

London, Yancey, Clark & Allen, Birmingham, for appellee.

**468**

PER CURIAM.

This appeal is from a judgment of the circuit court of Jefferson County granting a motion of the defendant (appellee here) to set aside the verdict of the jury and the judgment of the court rendered thereon.

The trial court, in granting the motion, did not specify the ground or grounds upon which it predicated its judgment, but did say: "The court does not grant the motion on any ground having to do with the weight or preponderance of the evidence."

The original complaint which was filed on February 17, 1958, according to the record before us, does not have a caption that shows the names of the parties; nor does the body of the complaint reveal the name of the defendant. The organization of the court states that the proceedings were had

in the cause styled, "J. L. Morris, plaintiff, v. Zac Smith Stationery Company, a corporation, John Doe, Richard Roe, and Mary Doe, whose names are otherwise unknown, but shall be supplied by amendment when ascertained, and X, a person, firm, individual, association, or partnership, whose name is otherwise unknown, but which will be added by amendment when ascertained, defendant."

The record further shows that the Clerk of the Circuit Court, responding to his duty as required by section 183, Title 7, Code of Alabama, 1940, issued process, addressed to the Sheriff for service. This order to the Sheriff contained the names of the parties as above set out.

The original complaint, count one, seeks to recover of the defendant the sum of $100,000 damages for injuries which are alleged to have been the proximate result of a collision between plaintiff's automobile and one negligently driven by the defendant. The complaint, by subsequent amendment, charges negligence to the defendant through conduct of its servant or agent acting within the line and scope of his employment. The collision is alleged to have occurred on December 28, 1957.

On March 20, 1958, plaintiff filed an amendment to his complaint, count one, which substituted the name of "Larry Joe Steeley," for the name of "John Doe'" as listed in the complaint, and by striking count one and substituting count A, which sought recovery of defendants named in the amendment. A like amendment to the complaint was filed on March 20, 1959. So, according to the record, there were two amendments filed one year apart, each designated as Count A, with the same substitution, parties defendant and averments.

The defendants, separately and severally, on May 25, 1959, with the consent of the plaintiff, filed an answer "in short by consent the general issue, with leave to give in evidence any matter which if well pleaded would be admissible in defense of

the action, to have effect as if so pleaded, and with leave to the plaintiff to give in evidence any matter, which if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded."

This plea, of course, included, without specific reference, the plea of the statute of limitations of one year to the action. United States Steel Corporation v. McGehee, 262 Ala. 525, 80 So.2d 256(10). See, also, § 26 (subd. 5), Title 7, Code of Alabama, 1940.

On May 25, 1959, plaintiff, with leave of the court, amended the complaint by striking all of the defendants except Zac Smith Stationery Company, a Corporation, and Larry Joe Steeley. The case was thereupon tried and concluded with a mistrial. The court reset the trial for October, 1959.

The court granted plaintiff's motion to strike the defendant Zac Smith Stationery Company, a corporation. The jury at this second trial returned a verdict for the plaintiff against Larry Joe Steeley. The motion was granted, as aforestated, to vacate and set aside the verdict of the jury and the judgment of the court thereon.

Ground 30 of the motion for a new trial asserts as error the refusal of the court to give for the defendant the general charge with hypothesis.

Appellee urges in support of this assignment that the statute of limitations of one year barred the suit against the defendant. The theory of the defendant is that the amendment making this defendant a party was filed more than one year after the alleged cause of action arose and the amendment making him a party did not relate back to the filing of the complaint. Roth v. Scruggs, 214 Ala. 32, 106 So. 182. He further contends that the substitution of the defendant Steeley for John Doe was without authority of law because the plaintiff in making John Doe a party defendant did not comply with § 136, Title 7, Code of Alabama, 1940, which reads as follows:

"§ 136. Suing a party by a fictitious name, when allowed.—When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly, either before or after service of the summons."

Because of the confused record before us, we will not make any observations as to the requirements of this section and the failure vel non of the plaintiff in his complaint to comply therewith. We pointed out above that identical amendments were filed, one on March 20, 1958, within the statute of limitations period, and the other one year later, March 20, 1959. The statute of limitations would not be involved if the amendment on March 20, 1958 is correct. The affirmative charge under such circumstances was correctly refused. It is to be noted that no motion or other pleading was filed for a discontinuance on account of a complete change of parties.

Ground 46 of the motion for a new trial presented to the trial court the failure of the juror, Knox M. Hurst, Sr., selected by the parties to sit in judgment on the case, to answer a question on voir dire by defendant's counsel as follows:

"Q. I will ask you if any of the members of your family, immediate family, wife or children, have ever had occasion to sue anyone for negligence?"

The juror Hurst failed or refused to indicate that his son, not a member of his household, had filed a suit based on negligence.

We held in the case of Parkinson v. Hudson, 265 Ala. 4, 8, 88 So.2d 793, 797, as follows:

"A party in either a civil or criminal case has the right to examine jurors as to bias which would affect the trial of the case. Title 30, § 52,

Code of Alabama, 1940. Upon such examination the party is entitled to truthful answers from the jurors. Leach v. State, 31 Ala.App. 390, 18 So.2d 285. And when the disqualification of a juror is not known to the injured party, it is ground for a new trial. Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907."

Proof by affidavit and original exhibits was adduced before the trial judge on the motion for a new trial that the juror Hurst had a son who had a suit pending against the Atlantic Coast Line Railroad Company, filed in the circuit court of Jefferson County under docket number 45783–X, claiming damages for personal injuries which were the proximate result of the negligence of the defendant.

■ The trial judge was present in court when the voir dire examinations took place; he was in position to observe the lawyers for both parties during their respective questions to the jurors on voir dire; he heard the tone of their voices and the time given between the questions that elicited answers from the jurors. The clarity of the questions propounded was also addressed to his judgment.

Section 52, Title 30, Code of Alabama 1940, provides that either party shall have a right to examine jurors as to their qualifications, interest or bias, as to any matter that might tend to affect their verdict. Leach v. State, 245 Ala. 539, 18 So.2d 289 (1), supra.

■ We agree with the Court of Appeals in their observation in the foregoing case that although the juror was not disqualified, defendant had a right to have the question answered truly to enable him to exercise his discretion wisely in the use of his power peremptorily to strike the juror. The defendant in the case at bar had the same right. He was denied the exercise of that right because of juror's· failure to answer the question.

We think this ground of the motion and the evidence adduced in support thereof justified the court in setting aside the verdict and vacating the judgment; also, in ordering a new trial. We will not undertake to delineate the evidence before the court in support of this ground.

We will forego judicial observations addressed to the numerous other grounds of the motion, all of which we have examined, because the facts alleged in support of such other grounds probably will not again occur on another trial.

The Court of Appeals, in the case of Green v. Town of Oxford, 40 Ala.App. 497, 498, 115 So.2d 907, 908, said as follows:

"Counsel for appellant has filed a motion to strike appellee's brief because it was not filed within the time provided by Supreme Court Rule 12, Code 1940, Tit. 7, Appendix. A brief for appellee not filed within the time prescribed by the rule will be considered at the discretion of the court. State ex rel. McIntyre v. McEachern, 231 Ala. 609, 166 So. 36. The motion to strike appellee's brief is denied."

It is our opinion that the judgment of the trial court on the motion is due to be affirmed, and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.