This case involves a boundary line dispute between coterminous landowners, appellants John Martin and Sue Martin (plaintiffs below), and appellees James Mansell, Gretchen Mansell, Jack Mansell, Harrol Hammack, and Sue Hammack (defendants below). A trial was held and the jury returned a verdict in favor of the defendants. The trial court then fixed the boundary lines according to an agreement entered into by the parties at the conclusion of the evidence. The Martins appealed. We affirm.
In 1959, Harrol Hammack purchased a tract of land in Franklin County, Alabama. Hammack conveyed parcels of this property in 1964 to John Barney Mansell, who is not a party to this action, retaining a portion of the tract for himself and his wife, Sue Hammack. Mr. Mansell thereafter conveyed his property to defendants James Mansell and Gretchen Mansell in 1971. The remaining defendant, Jack Mansell, acquired his part of the property by deed in 1972.
The defendants' land lies to the west and north of property purchased by the Martins in 1973. A surveyor was employed by the Martins in 1974 to mark the boundary lines of their property according to the government survey lines. They then fenced and blazed trees along these surveyed lines.
The boundary lines as marked by the surveyor did not correspond with fences which, according to testimony at trial, were in existence on the property at the time of the Martins' purchase in 1973 and which were also in existence at the time of Hammack's purchase in 1959. The defendants claimed that these fences, which are within the surveyed boundaries of the Martins' property, have been recognized for many years as the correct property lines. However, the deeds of both Hammack and the Martins describe the property on subsectional lines without any overlapping in the legal descriptions contained in the several deeds. Therefore, the Martins argue that the correct lines were the section lines as marked by the surveyor according to the record titles. Litigation sought to establish the correct boundary lines between the properties in question. *Page 966 
The Martins first contend that the trial court committed error in overruling their motion for new trial on the grounds that the verdict of the jury is unsupported by the evidence in the case and the law of Alabama. They point out that the Hammacks are the only defendants with a deed describing any portion of the disputed property that has been of record for ten years. The remaining defendants' deeds contain descriptions according to subsection lines without any mention of the portion of land in controversy in this case. This fact, according to the Martins, precludes these other defendants from "tacking" the periods of adverse possession by their predecessors in title for the purpose of effecting title to the disputed land by adverse possession even though all defendants were put in possession of their properties up to the fences by their predecessors in title. We do not agree.
Justice Jones, writing for a majority of this court, recently restated the rule on tacking in adverse possession cases inWatson v. Price, 356 So.2d 625 (Ala. 1978), a decision which had not been announced when the present case was submitted, but is now dispositive of the above stated issues raised by the Martins. Relying principally upon former decisions of this court in Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65
(1975), and Graham v. Hawkins, 281 Ala. 288, 202 So.2d 74
(1967), Justice Jones summarized the tacking principle in the following manner:
 "For the purpose of effecting title by adverse possession, where all the traditional elements are present, tacking of periods of possession by successive possessors is permitted against the co-terminous owner seeking to defeat such title, unless there is a finding, supported by the evidence, that the claimant's predecessor in title did not intend to convey the disputed strip. We hold that this rule should apply even though the conveying instrument contains no legal description of the property in question, and irrespective of the period for which the property was possessed by the present claimant's predecessor in title."
Id. at 627 (emphasis added).
The Martins secondly maintain that the burden of proof was upon Harrol and Sue Hammack to establish title by adverse possession to their portion of the disputed property and that they failed to meet this burden. Again we disagree.
 "If a coterminous landowner holds actual possession of a disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160, and cases there cited; see Treadaway v. Hamilton, 221 Ala. 479, 129 So. 55."
Sylvest v. Stowers, 276 Ala. 695, 697-98, 166 So.2d 423, 426 (1964).
 "The rule has been applied in boundary line disputes that questions of adverse possession are questions of fact properly determined by the trier of facts, and that the determination so made, where the evidence is taken orally, as here, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548; Morgan v. Larde [282 Ala. 426, 212 So.2d 594], supra; Barnett v. Millis [286 Ala. 681, 246 So.2d 78], supra."
Casey v. Keeney, 290 Ala. 94, 98, 274 So.2d 68, 71 (1973).
We have carefully reviewed the record on appeal in light of the foregoing principles and we cannot conclude that the jury erred in finding that the Hammacks established by the evidence that they had acquired title to the property in question by adverse possession. Mr. Hammack testified that he had openly claimed and maintained actual possession of this land up to the fences since 1959. He further stated that he cut timber *Page 967 
off the property and hunted on it. Several other witnesses testified that the fences had been generally accepted as the correct boundary lines to the property for many years prior to the Martins' survey. Clearly there was testimony to support the jury's determination in regard to the Hammacks' possession of the land in dispute and we therefore refuse to substitute our judgment for that of the jury.
The Martins' final contention is that the trial court erred by overruling their motion for new trial based upon the failure of a juror who sat on the venire to affirmatively respond to a question asked by counsel* for the Martins on voir dire, that question being whether any of the defense attorneys had ever been retained by a member of the venire or by a member of his or her family. On motion for new trial, a juror admitted that her husband had been represented by one of the defense attorneys in a personal injury action seven years ago, a fact which, according to the Martins, could have adversely affected the impartiality of the juror and resulted in prejudice to their case.
We agree with the Martins that counsel and parties are entitled to true and honest answers from prospective jurors to enable them to exercise their discretion wisely in the use of peremptory strikes and that when jurors fail to answer questions correctly, counsel and parties are denied the exercise of that right. Sanders v. Scarvey, 284 Ala. 215,224 So.2d 247 (1969); Morris v. Zac Smith Stationery Company,274 Ala. 467, 149 So.2d 810 (1963); Leach v. State, 31 Ala. App. 390, 18 So.2d 285, cert. denied, 245 Ala. 539, 18 So.2d 289
(1944). However we find that the trial court did not commit reversible error on this point.
In Freeman v. Hall, 286 Ala. 161, 166-67, 238 So.2d 330,335-36 (1970), this court stated the following:
 "Neither Sanders v. Scarvey, Leach, nor the original opinion in the instant case, is authority for the proposition that on voir dire any failure of any prospective juror to respond properly to any
question regardless of the excuse or circumstances
automatically entitles a party to a new trial or reversal of the cause on appeal.
 "We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant . . .
. . . . .
 "Although the factors upon which the trial court's determination of prejudice is made must necessarily vary from case to case some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.
 "We are mindful of the heavy responsibility placed on the trial court to maintain the statutory right which parties have to a full and truthful disclosure by jurors on voir dire. However, we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors.
 "To re-emphasize, we say that we will review the trial court's ruling on motion for new trial predicated on jurors' improper answers to (or failure to answer) questions propounded on voir dire only for abuse of discretion in its determination as to probable prejudice."
From our review of the record in this case, we cannot conclude that the trial judge, who was present during the voir dire examination and the hearing on the motion for new trial and had a chance to hear the questions and observe the attorneys and the *Page 968 
juror, abused his discretion in denying the Martins' motion for new trial.
For the foregoing reasons, the trial court is hereby affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.
* The attorney who represented the Martins on appeal did not participate in the pre-trial proceedings below.