This is an appeal by defendant, Cavalier Insurance Corporation, from a declaratory judgment entered on the strength of a jury verdict for the plaintiff, David C. Faulk. We reverse and remand.
The plaintiff, David Faulk, brought this action praying for a declaration that Cavalier Insurance Corporation [hereinafter Cavalier] had afforded him liability coverage prior to his involvement in an automobile collision in which two persons were killed. A jury trial was demanded by the plaintiff. Following that trial a verdict was returned in the plaintiff's favor. Cavalier's motion for a judgment N.O.V. or alternatively a new trial was denied. This appeal followed. *Page 7 
The critical issue on appeal is whether or not the trial court erred to reversal in overruling the defendant's motion for new trial. This motion was based in pertinent part upon the failure of two jurors to disclose on voir dire the fact that previously they had been represented by the law firm in which the plaintiff's attorney was a partner when asked such a question by the attorneys for the defendant:
 Defendant moves the Court to set aside the verdict and judgment entered in the above styled action on, to-wit: the 23rd day of January, 1978, . . . and grant defendant a new trial on the following grounds:
. . . . .
 5. The defendant was not afforded an unbiased or unprejudicial jury in that when the jury venire was asked the question by the counsel for the defendant, viz, `Has any member of the jury panel ever been represented in any matter by Mr. Tom Radney, Mr. Larkin Radney, or Mr. Scears Barnes,' Rudolph Scroggins and wife, Edna R. Scroggins failed to acknowledge or inform counsel for the defendant that on March 6, 1975, they had both filed suit against Casualty Reciprocal Exchange Insurance Company with the law firm of Radney and Radney representing them in that said cause; that said lawsuit is attached hereto and made a part of this said motion as Exhibit A. Defendant contends that the present case is identical to the lawsuit filed by Rudolph Scroggins and Edna Scroggins in that both lawsuits are direct suits against a defendant insurance company and in both suits, the same law firm, to-wit: Radney and Radney, represented the plaintiff's side. The defendant contends that it has a right to examine jurors as to bias or prejudice which would affect the trial of the case and upon such examination, the defendant is entitled to truthful answers from said jurors and that a failure to answer truthfully entitles the defendant in this cause to a new trial.
An affidavit filed by defense attorney, Mr. Larry Morris, stated that not until after the case had concluded did he discover the discrepancy. Exhibits filed on the motion show that on March 6, 1975 Mr. and Mrs. Scroggins, by and through their attorney, Mr. Larkin Radney of the law firm Radney 
Radney, filed suit against Casualty Reciprocal Insurance Company. The suit was apparently settled because on August 12, 1975 an order was entered by the circuit judge dismissing the suit upon agreement.
In Martin v. Mansell, 357 So.2d 964 (Ala. 1978) this Court followed an earlier decision which set forth the scope of review in such an instance:
 In Freeman v. Hall, 286 Ala. 161, 166-67, 238 So.2d 330, 335-36 (1970), this court stated the following:
. . . . .
 We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant . . .
 [W]e will review the trial court's ruling on motion for new trial predicated on jurors' improper answers to (or failure to answer) questions propounded on voir dire only for abuse of discretion in its determination as to probable prejudice.
In Martin, supra we set out a few of the factors which a trial court should consider in determining whether probable prejudice resulted, and which this Court must necessarily consider in determining whether an abuse of discretion occurred:
 Although the factors . . . must necessarily vary from case to case some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.
We believe a review of these factors shows that unlike Martin,supra, the trial court in *Page 8 
this case did indeed abuse its discretion in not granting defendants' motion for new trial.
In Martin, supra, substantially the same question was asked by counsel on voir dire, that question being "whether any of the defense attorneys had ever been retained by a member of the venire or by a member of his or her family." Like the present case on motion for a new trial this question was found to have been answered incorrectly. In Martin, a juror had failed to respond to the question, but on motion for a new trial later admitted that her husband had been represented by one of the defense attorneys in a personal injury action seven years earlier. In the present case, however, not one, but two jurors, husband and wife, had been represented by a partner in the firm of Radney Radney, now representing the plaintiff, David Faulk, not seven but a little over two years before. Furthermore, unlike Martin, supra, in this case the jurors had been represented by plaintiff's law firm in the same kind of action, one against an insurance company which refused to pay for a loss. That prejudice to the defendant could be found in this case by the failure of one juror to answer is apparent; that probable prejudice to defendant occurred when two jurors
failed to answer in these circumstances is even clearer.
Moreover, no attempt was made below by the plaintiffs themselves to show that the jurors did not recollect, or inadvertently answered falsely. Therefore we hold that the trial court abused its discretion in its determination on the issue of probable bias or prejudice and in not granting a new trial under Rule 59, ARCP.
While we remonstrate that counsel and parties should be given true and honest answers from the venire in order that they may properly exercise their discretion in the use of peremptory strikes, Martin v. Mansell, supra; Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247 (1969); Morris v. Zac Smith StationeryCompany, 274 Ala. 467, 149 So.2d 810 (1963), we must caution that not every failure of a venireman to respond correctly to a question, regardless of the excuse or circumstances, will entitle one to a new trial or an automatic reversal for the denial of one. See e.g., Martin v. Mansell, supra; Freeman v.Hall, supra. However, where the prejudice to defendant is probable we must in fairness reverse the case and remand it for a proper trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.