If the trial court had granted a new trial for the failure of three members of the jury panel to respond correctly to questions *Page 1275 
addressed to them on voir dire, I would have voted to affirm the trial court's action. See, Gold Kist, Inc. v. Brown,495 So.2d 540 (Ala. 1986). The trial court is in the best position to determine whether there was probable prejudice as a result of a juror's failure to respond to questions asked during voir dire.
 "The trial judge was present in court when the voir dire examinations took place; he was in position to observe the lawyers for both parties during their respective questions to the jurors on voir dire; he heard the tone of their voices and the time given between the questions that elicited answers from the jurors. The clarity of the questions propounded was also addressed to his judgment." Morris v. Zac Smith Stationery Co., 274 Ala. 467, 470, 149 So.2d 810, 813 (1963).
The trial court's application of the probable prejudice test is subject to review only for abuse of discretion.Gold Kist, Inc. v. Brown, supra. I cannot hold that the trial court abused its discretion in not granting the new trial.