The defendant, Charles Holland, appeals from a judgment entered in favor of the plaintiff, Mavis Brandenberg, on a jury verdict assessing damages of $13,000 on her claims of outrageous conduct, breach of contract, and conversion. We affirm.
In January 1988, Mavis Brandenberg purchased a mobile home from Charles Holland and Archie Brown under a rent-to-own agreement. Under the terms of the agreement, Brandenberg lived in the mobile home and paid Holland and Brown $150.00 per month toward the total purchase price. The mobile home was to remain on Holland's land until the plaintiff received legal title to the mobile home. On August 26, 1988, Holland repossessed the mobile home from the plaintiff, although she was not in default of any monthly payments, and he sold it to a third party the next day. Brandenberg was unable to secure the return of any of her personal property located in the mobile home.
Brandenberg sued Holland and Brown, alleging breach of contract; conversion (that they had wrongfully taken the mobile home and had wrongfully destroyed her personal property); and the tort of "outrageous conduct." Brandenberg sought compensatory damages for the alleged breach of contract; compensatory and punitive damages for the alleged conversion; and compensatory and punitive damages for the alleged outrageous conduct. Among her claims for compensatory damages was a claim for damages for mental anguish.
The defendants filed a pro se answer and a counterclaim, alleging that Brandenberg was destroying the trailer or causing it to depreciate. The plaintiff's motion for summary judgment was denied and the case was set for trial.
The court denied the defendants' motion for directed verdict and submitted all three of the plaintiff's claims to the jury. The court also submitted the defendants' counterclaim to the jury. The jury returned a verdict in favor of Brown and against Holland, assessing damages at $13,000. The jury returned *Page 869 
turned a verdict for the plaintiff on the defendants' counterclaim. The judge entered a judgment on those verdicts.
Several days after the trial, Holland learned that before the trial, during an in camera interview with a juror, the trial judge was informed by the juror that he had been convicted of a felony, but that his rights had been restored in 1979.
Holland moved for a new trial, alleging:
 "1. the trial court did not voir dire and qualify the jury as required and mandated by law in this case, as the record reflects.
 "2. at least one of the twelve petit jurors selected to sit in trial on this case and who did participate as a petit juror in the trial of this case is a convicted felon and therefore not qualified to serve as a juror under the laws of the State of Alabama. The defendant and his attorney of record did not have knowledge of this fact when the petit jury was struck, but later had credible information after the trial was over that a Mr. T.W., who served as a juror in the case, has a previous conviction of a felony. This would render the petit jury unlawful and the verdict as rendered by them in this case . . . null and void.
 "3. the preponderance and weight of the evidence in this case, as the record reflects, was against the verdict and judgment for the plaintiff as rendered in her favor. The evidence does not support the verdict of the jury and the judgment of the court in this case.
 "4. the trial court erred in its refusal to grant the defendant's motion for a directed verdict.
 "5. the plaintiff fatally and completely failed to make out and prove a prima facie case against the defendant. . . .
 "6. there was no evidence to prove that the defendant converted to his own use, unlawfully and to the detriment of the plaintiff . . . any property. . . .
 "7. the trial court fatally and prejudicially charged the jury in favor of the plaintiff and against the defendant Charles Holland.
 "8. the court did not correctly and fairly charge the jury as to the claim of the plaintiff against the defendant for outrageous conduct. . . .
 "9. there were no special damages proven in the preponderance of evidence as required by law which would authorize the jury to find punitive damages against defendant Holland.
 "10. there was no alleged outrageous conduct under the laws of the State of Alabama proven or damages under the laws of the State of Alabama proven by a preponderance of the evidence to justify the finding of damages characterized in the jury's verdict as damages for outrageous conduct or behavior."
The court denied the motion, and Holland appealed. Brown is not involved in this appeal.
The essence of the Holland's first argument on appeal is that the trial judge committed reversible error by failing to inform the parties of the juror's disqualification. We disagree.
Ala. Code 1975, § 12-16-60, provides the criteria for qualifications for jurors:
 "(a) A prospective juror is qualified to serve on a jury if the juror is generally reputed to be honest and intelligent and is esteemed in the community for integrity, good character and sound judgment and also:
 "(1) Is a citizen of the United States, has been a resident of the county for more than 12 months and is over the age of 19 years;
 "(2) Is able to read, speak, understand and follow instructions given by a judge in the English language;
 "(3) Is capable by reason of physical and mental ability to render satisfactory jury service, and is not afflicted with any permanent disease or physical weakness whereby the juror is unfit to discharge the duties of a juror;
 "(4) Has not lost the right to vote by conviction for any offense involving moral turpitude."
"We have held that the statutory prerequisite to jury service requiring the absence of any conviction of an offense involving *Page 870 
moral turpitude is an absolute, and that such conviction is an automatic disqualification from jury service where the juror was asked that question and failed to respond." Chrysler CreditCorp. v. McKinney, 456 So.2d 1069 (Ala. 1984). This case, however, presents a different situation. Here, on voir dire examination, the prospective jurors were not specifically asked whether any of them had been convicted of an offense involving moral turpitude. Failure to use due diligence in testing jurors as to qualifications or grounds of challenge is an effective waiver of grounds of challenge; a defendant cannot sit back and invite error based on a juror's disqualification. Beasley v.State, 337 So.2d 80 (Ala.Crim.App. 1976). We have examined the record and have determined that the defendant failed to exercise due diligence in ascertaining the qualifications of the juror; he cannot now ask this Court to correct this failure.
Furthermore, while we do not specifically approve of the ex parte communication between the trial judge and the juror, any error that may have occurred was harmless, because no substantial rights of the defendant were affected. Rule 61, Ala.R.Civ.P.
The defendant next contends that the oral jury charge was erroneous because, he says, the trial court did not sufficiently instruct the jury concerning the counterclaim.
When examining a charge asserted to be erroneous, this Court looks to the entirety of the charge to see if there is reversible error. Grayco Resources, Inc. v. Poole,500 So.2d 1030 (Ala. 1986). See also Shoals Ford, Inc. v. Clardy,588 So.2d 879 (Ala. 1991). We have examined in its entirety the charge given the jury by the trial court, and we conclude that the court gave the jury adequate instructions concerning the counterclaim; thus, we find no reversible error.
On this appeal, Holland makes no argument regarding the sufficiency of the evidence to support an award of damages for mental anguish or an award of damages for outrageous conduct. Because those issues are not raised, we will not address them.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.