The plaintiffs appeal in a medical malpractice case. The sole issue is whether the trial court erred in denying the plaintiffs' motion for a new trial, which was based on the alleged illiteracy of one of the jurors, i.e., his inability "to read, speak, understand and follow instructions given by a judge in the English language." See § 12-16-60(a)(2), Ala. Code 1975.
The facts relevant to this appeal are as follows:
Pamela Faith McBride and Gerry McBride sued Dr. Raymond L. Sheppard, M.D., and Huntsville OB-GYN Associates, P.A., alleging that the defendants had negligently caused their son Joshua Andrew McBride to suffer severe cerebral palsy and catastrophic mental retardation by failing to timely diagnose fetal distress and promptly deliver the child.
A jury returned a verdict in favor of the defendants. The plaintiffs moved for a new trial, claiming that a particular juror was unable to read and thus, under § 12-16-60(a)(2), was not qualified to sit on a jury. At a hearing on the motion for new trial, the parties offered various exhibits and examined the juror in question. The trial judge heard conflicting evidence on the abilities of the juror, but apparently believed that the juror could read at an adequate level. Accordingly, the trial court denied the McBrides' motion for a new trial. The McBrides appeal.
First, we note that the ruling on a motion for a new trial is within the discretion of the trial court and that the trial court's decision carries a strong presumption of correctness.Gold Kist, Inc. v. Tedder, 580 So.2d 1321, 1322 (Ala. 1991). The decision of the trial court should not be disturbed on appeal unless the record plainly and palpably *Page 1071 
shows that the trial court erred and that some legal right has been abused.
Section 12-16-60 sets forth the qualifications for jurors:
 "(a) A prospective juror is qualified to serve on a jury if the juror is generally reputed to be honest and intelligent and is esteemed in the community for integrity, good character and sound judgment and also:
 "(1) Is a citizen of the United States, has been a resident of the county for more than 12 months and is over the age of 19 years;
 "(2) Is able to read, speak, understand and follow instructions given by a judge in the English language;
 "(3) Is capable by reason of physical and mental ability to render satisfactory jury service, and is not afflicted with any permanent disease or physical weakness whereby a juror is unfit to discharge the duties of a juror;
 "(4) Has not lost the right to vote by conviction for any offense involving moral turpitude."
(Emphasis added.)
Although citizens "shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin or economic status," § 12-16-56, and the law requires that "jury venires include all qualified persons, and hence, represent a cross-section of the community," State ex rel.Gregg v. Maples, 286 Ala. 274, 279, 239 So.2d 198 (1970) (quoting Mitchell v. Johnson, 250 F. Supp. 117 (M.D.Ala. 1966)), the requirements of § 12-16-60 are mandatory in nature and are not within the trial court's discretion. Spicer v. State,188 Ala. 9, 65 So. 972 (1914); Kittle v. State, 362 So.2d 1260
(Ala.Crim.App. 1977), rev'd on other grounds, 362 So.2d 1269
(Ala. 1978); Smith v. State, 482 So.2d 1312
(Ala.Crim.App. 1985).
The policy in the selection of jurors is stated in §12-16-55:
 "It is the policy of this state that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the court, and that all qualified citizens have the opportunity, in accordance with this article, to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose."
In their motion for new trial, the McBrides alleged, among other things:
 "Juror J.F. was disqualified, as a matter of law, to serve on the jury that decided this case by virtue of his inability to read, write, understand and follow instructions given by a judge in the English language pursuant to § 12-16-60(a)(2), Ala. Code 1975."
From the record, it appears that juror J.F. executed two affidavits, one for each side, which gave two different answers to the parties' questions concerning his ability to read. For the plaintiffs, J.F. signed an affidavit that stated as follows:
 "My name is J.F. I was a juror in the case of Andy McBride vs. Dr. Raymond L. Sheppard and his group. I went to about the 6th grade in school. I can not read or write the English language. I can sign my name. During the trial I did not understand the 'doctors words' which were used throughout the trial by the lawyers and the doctors. I was not able to understand everything that was going on. Also, I did not really understand the words spoken by the Judge when he talked to us after the trial. I also did not understand all of the writings which were shown to us by the lawyers during the trial. I was not able to read and understand the stuff that was brought back to the jury room.
 "I am able to talk to people but there are lots of things that I do not understand.
 "I am not able to read this paper but it has been read to me and it is true.
 "IN WITNESS WHEREOF, I have hereunto set my hand and seal on this 9th day of September, 1992.
/s J.F."
For the defendants, J.F. executed the following affidavit, dated October 27, 1992:
 "My name is J.F. I work for the City of Huntsville. I went to school. I can read. I can write. I have read this and it is true.
/s J.F." *Page 1072 
A hearing was held on the motion for new trial, at which the parties were given an opportunity to introduce affidavits and exhibits and to examine juror J.F. in the presence of the trial judge. The trial court found that the juror could read at an adequate level and denied the motion for a new trial.
This Court has required that a motion for new trial be granted when the statutory qualifications are clearly not met. In Ex parte Ledbetter, 404 So.2d 731, 733 (Ala. 1981), this Court stated:
 " ' "Where the party has examined the jurors concerning their qualifications, and they do not answer truly, it is manifest that he is deprived of his right of challenge for cause, and is deceived into forgoing his right of peremptory challenge. . . . And accordingly, in most States the fact that a juror answered falsely as to his qualifications is a recognized ground for a new trial." ' "
(Quoting Leach v. State, 31 Ala. App. 390, 18 So.2d 285 (1944)).
In addition, in Chrysler Credit Corp. v. McKinney,456 So.2d 1069 (Ala. 1984), we held that a new trial was required because a disqualified juror participated in the trial. In ChryslerCredit Corp., the trial judge asked the prospective jurors during voir dire if any of them were unable to read and write, and none of them responded. After the trial, counsel for Chrysler Credit learned that one of the jurors could neither read nor write; that juror had not responded to the judge's questions concerning literacy. Chrysler Credit moved for a new trial and during the hearing on its motion it was discovered that the juror also had a hearing impediment. The trial court denied Chrysler Credit's motion; Chrysler Credit appealed.
This Court held that a new trial was required where the prospective jury venire was specifically asked whether each member could read and write the English language and each member indicated by silence that he or she could. However, we did not decide whether a new trial is automatically required every time § 12-16-60 is violated. Under the facts of the present case, the record does not indicate that juror J.F. was specifically asked whether he could read or write the English language and that he indicated by his silence that he could, although it is possible the jury venire was asked such a question. Nevertheless, the trial judge observed juror J.F. read and found that he could read at a level adequate to qualify for jury service.
More recently, in Holland v. Brandenberg, [Ms. 1910872, May 14, 1993], 1993 WL 154446 (Ala. 1993), we again considered the criteria for jury qualification found at § 12-16-60, Ala. Code 1975. The disqualifying factor at issue in Holland is found in § 12-16-60(a)(4) (the prospective juror has "lost the right to vote by conviction for any offense involving moral turpitude"). In Holland, the prospective jurors were not specifically asked whether any of them had been convicted of an offense involving moral turpitude, yet this potentially disqualifying factor was raised in a motion for new trial.
This Court held that "[f]ailure to use due diligence in testing jurors as to qualifications or grounds of challenge is an effective waiver of grounds of challenge; a defendant cannot sit back and invite error based on a juror's disqualification."Holland, 1993 WL 154446, * 2; see also Beasley v. State,337 So.2d 80, 82 (Ala.Crim.App. 1976).
As in Holland, nothing in the record here indicates that counsel for the McBrides specifically asked J.F. about his ability "to read, speak [or] understand" the English language, and nothing indicates that counsel was concerned before trial about the educational background of the prospective jurors. The denial of the McBrides' motion for a new trial was within the sound discretion of the trial court, and that the denial was not plainly and palpably erroneous. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, HOUSTON and INGRAM, JJ., concur.
ALMON, J., concurs in the result. *Page 1073