In my opinion, the juror here did not show such probable prejudice that she should have been struck for cause; consequently, I must respectfully dissent.
In Morris v. Zac Smith Stationery Co., 274 Ala. 467, 470,149 So.2d 810, 813 (1963), this Court discussed the discretion vested in the trial court to determine questions of probable prejudice:
 "The trial judge was present in court when the voir dire examinations took place; he was in position to observe the lawyers for both parties during their respective questions to the jurors on voir dire; he heard the tone of their voices and the time given between the questions that elicited answers from the jurors. The clarity of the questions propounded was also addressed to his judgment."
The facts of this case are very similar to those of Wright v.Holy Name of Jesus Medical Center, 628 So.2d 510 (Ala. 1993), in which I joined a dissent by Justice Steagall, and the principle of law is the same as the one presented in Wood v.Woodham, 561 So.2d 224 (Ala. 1989), in which I also dissented. As I said in the dissent in Wood v. Woodham, new trials should not be awarded because this Court disagrees with the trial court in its exercise of the discretion vested in him.