Noble Trucking Company and Donald Mendenhall appeal from an order granting a new trial in favor of Angela Payne in a wrongful death case.
Payne, as administratrix of the estate of her husband Brian David Payne, deceased, brought this wrongful death action against Noble Trucking and Mendenhall, and the jury returned a verdict for the defendants. Payne moved for a new trial, alleging that one of the jurors was a convicted felon whose right to vote had never been restored. After a hearing, the trial court granted the motion. Noble Trucking and Mendenhall appeal. Noble Trucking and Mendenhall are hereinafter referred to collectively as "Noble Trucking."
The record shows that the jury venire was assembled to be qualified for jury duty in the Franklin Circuit Court on February 14, 1993, and that one of the attorneys for Payne was present during voir dire examination. The trial judge asked the jury venire members if any of them was a convicted felon whose voting rights had not been restored. There was no answer from the jury venire, which included Bobby Holland, who had been convicted of a felony involving moral turpitude and whose voting rights had not been restored.
That jury venire then underwent voir dire in a criminal trial. The attorneys in that case did not ask whether any of the prospective jurors had prior felony convictions, and Holland served on the jury in that trial. The jury venire, including Holland, reassembled on February 18 for voir dire in Payne's civil case. Payne's attorneys, likewise, did not ask whether any of the jurors were convicted felons, and Holland served on the jury in Payne's case.
After the trial concluded on February 22, it was discovered that Holland's voting rights had never been restored after his conviction; the trial court granted a new trial in the criminal case, as well as in Payne's case. In both cases, the trial court held that the new trials were mandated, because Holland was not qualified under Ala. Code 1975, § 12-16-60, *Page 203 
to serve as a juror. Section 12-16-60, provides, in pertinent part:
 "(a) A prospective juror is qualified to serve on a jury if the juror is generally reputed to be honest and intelligent and is esteemed in the community for integrity, good character and sound judgment and also:
". . . .
 "(4) Has not lost the right to vote by conviction for any offense involving moral turpitude."
Noble Trucking argues that it is not mandatory that the trial court grant a new trial merely because a convicted felon was a member of Payne's jury. Noble Trucking points out that Payne's attorney did not ask the prospective jurors whether any of them were felons whose voting rights had not been restored, and it concludes that Payne waived any right to complain of the disqualification by failing to exercise due diligence to ascertain Holland's qualifications under § 12-16-60.
In Beasley v. State, 39 Ala. App. 182, 96 So.2d 693 (1957), the Court of Appeals reversed the conviction of a defendant who learned after trial that the jury had included a person who had been convicted of adultery. Under Code 1940, Title 30, § 55, in effect at that time, any person who had been convicted of a crime involving moral turpitude was disqualified from jury duty. When qualifying the jury, the trial court specifically asked whether anyone present had been convicted of a crime involving moral turpitude, and the convicted adulterer remained silent. The Court of Appeals determined that a conviction of adultery was both a statutory disqualification and a reason for challenge for cause and held that the trial court had committed reversible error in not granting a new trial.
We elaborated on that holding in Chrysler Credit Corp. v.McKinney, 456 So.2d 1069 (Ala. 1984), wherein the trial court asked a group of prospective jurors whether each of them could read and write and all indicated by silence that they could. Following the trial, counsel for the defendant learned that one of the jurors was both illiterate and hearing-impaired; counsel moved for a new trial on that basis. This Court reversed the trial court's denial of a motion for new trial, stating, in pertinent part:
 "We have held that the statutory prerequisite to jury service requiring the absence of any conviction of an offense involving moral turpitude is an absolute, and that such a conviction is an automatic disqualification from jury service where the juror was asked that question and failed to respond. In Beasley v. State, 39 Ala. App. 182, 96 So.2d 693 (1957), we held that the failure of a prospective juror to answer truthfully when asked the question concerning the conviction of a crime required a new trial. In Beasley, the prospective juror had been previously convicted of adultery. He was silent when the question concerning the conviction of a crime was asked by the trial judge, and he served on the jury. This Court held that this prior conviction was both a disqualification and a common law ground for challenge for cause. Thus, the trial court's denial of the motion for new trial based on such a disqualification was error.
 "We need not decide under the facts of this case whether a new trial must automatically be granted when it is shown after judgment that a juror served who was disqualified under the statute. We do, however, hold that a new trial is mandated where a juror serves who has failed to respond to a specific question based upon a statutory disqualification."
Chrysler Credit Corp., 456 So.2d at 1071.
This Court also recently addressed this issue in Holland v.Brandenberg, 627 So.2d 867 (Ala. 1993), and McBride v.Sheppard, 624 So.2d 1069 (Ala. 1993). In Holland, we affirmed the denial of a new trial motion that was based on the fact that a convicted felon had served as a juror in the case. The trial court told the litigants' counsel several days after trial that, in an ex parte interview before trial, the juror had admitted that he had been convicted of a felony but had stated that his voting rights had been restored 14 years before the trial. The defendant then moved for a new trial, which was denied; the defendant appealed. We noted the rule set out inChrysler; however, we emphasized *Page 204 
that in Holland the potential jurors had not been asked on voir dire whether any of them were convicted felons, and we held that the defendant had failed to exercise due diligence in ascertaining the qualifications of the juror. Likewise, inMcBride, we affirmed the denial of a new trial where a juror who was illiterate served on the jury, because there was no indication that either the trial court or the movant's counsel had specifically asked the juror about his ability to read and write the English language.
In Holland and McBride, the trial court did not conduct open voir dire in the presence of the defendant's attorney, and the attorneys failed to conduct their own voir dire to ask the jurors about their qualifications under § 12-16-60. In the instant case, the trial court specifically asked the prospective jurors, in the presence of Payne's counsel, whether any of them were convicted felons whose voting rights had not been restored, and Holland remained silent.
Both the plaintiff and her attorney had a right to rely on Holland's response to qualifying questions asked by the trial court; a party, in order to acquit himself of lack of diligence with reference to a juror's qualifications, is not required to conduct voir dire examination that would be a repetition of that already conducted by the court. Lollar v. State,422 So.2d 809 (Ala.Crim.App. 1982); Slay v. State, 338 So.2d 3
(Ala.Crim.App. 1976).
The trial court properly granted Payne's motion for a new trial. The new trial order is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON, and INGRAM, JJ., concur.