ROBERTSON, Presiding Judge.
On March 24, 1993, Carol C. Price, as administratrix of the estate of Mell W. Price II, deceased, sued Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively referred to as “Toyota”), in the Tuscaloosa Circuit Court.[1]
The case was set for trial. During qualification of the jury pool, the trial court asked: “[Has anyone] been convicted of any offense involving moral turpitude?” No member of *132 the jury pool responded. Thereafter, a jury was selected and empaneled to serve in this case.
On May 13, 1995, the jury returned a verdict for Toyota. After the verdict, Price discovered that W.P., one of the jurors, had previously pleaded guilty to the criminal offense of burglary in the third degree. On June 12, 1995, Price filed a motion for a new trial, arguing that under § 12 — 16—60(a) (4), Ala.Code 1975, W.P. was disqualified from serving as a juror because, she said, he had been convicted of a felony involving moral turpitude that resulted in the loss of his voting rights and he had not disclosed such a conviction. Price attached to her motion a certified copy of a Tuscaloosa County Circuit Court case action summary sheet evidencing that W.P. had pleaded guilty to the criminal offense of burglary in the third degree on November 1, 1982. The trial court denied the new trial motion on August 1,1995.
Price appealed to our Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975. On appeal, Price contends that the trial court erred in denying her motion for a new trial because, she says, W.P. was disqualified to serve as a juror.
Section 12-16-60, Ala.Code 1975, provides, in pertinent part:
“(a) A prospective juror is qualified to serve on a jury if the juror is generally reputed to be honest and intelligent and is esteemed in the community for integrity, good character and sound judgment and also:
“(4) Has not lost the right to vote by conviction for any offense involving moral turpitude.”
It is undisputed that W.P.’s burglary conviction was a felony involving moral turpitude, that it resulted in the loss of his voting rights, and that his voting rights had not been restored. See § 12-21-162, Ala.Code 1975; see also Ex parte Poole, 497 So.2d 537 (Ala.1986). Our supreme court has held that a prospective juror’s conviction of a crime involving moral turpitude is both a disqualification and a common law ground for a challenge for cause. Noble Trucking Co. v. Payne, 664 So.2d 202 (Ala.1995); Chrysler Credit Corp. v. McKinney, 456 So.2d 1069 (Ala.1984). Furthermore, “a new trial is mandated where a juror serves who has failed to respond to a specific question based upon a statutory disqualification.” Chrysler Credit Corp., 456 So.2d at 1071.
Because W.P. was disqualified from jury service, the trial court erred in denying Price’s motion for a new trial. Therefore, we reverse the judgment of the trial court and remand this cause for a new trial.
REVERSED AND REMANDED.
YATES, J., concurs.
CRAWLEY, J., concurs specially.

. Price sued various other defendants; however, they are not parties to this appeal.